**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 13, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

STEVEN BARTLETT,

          Plaintiff - Appellant,

    v.

JAMES JANECKA, Warden, Lea
County Correctional Facility;
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

          Defendants - Appellees.

No. 08-2177

(D. New Mexico)

(D.C. No. CV-06-00564-JCH-KBM)

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **ANDERSON**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this proceeding. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Petitioner/appellant Steven Bartlett, a New Mexico state prisoner proceeding *pro se*, seeks a certificate of appealability ("COA") in order to appeal the district court's order dismissing Bartlett's 28 U.S.C. § 2254 petition for a writ of habeas corpus. We deny Bartlett a COA and dismiss this appeal.

**BACKGROUND**

Bartlett is currently serving two consecutive thirty-year prison sentences, and other concurrent sentences, for the murders of Jeff Unser and Lee Benjamin, for tampering with evidence by disposing of the bodies and the murder weapon, and for attempting to cover up evidence of the murders at his trailer. We derive the basic facts relevant to this case from the decision of the New Mexico Supreme Court affirming Bartlett's conviction on direct appeal:

> On the morning of November 19, 1995, Walter Newlin found two dead bodies near his home in the Bernalillo County east mountain area. Along with the bodies were two orange chairs, some clothes and jackets. Deputies also found tracks from a truck with dual wheels. Later in the morning, approximately half a block from Walter Newlin's house, Robert Journey discovered a .25 caliber semiautomatic gun missing its slide in his driveway. Later at Pete's Bar, four or five miles away from the scene where Walter Newlin discovered the bodies, the Bernalillo County Sheriff's Department spotted a "dually" pick-up truck (a truck with dual rear tires on each side). In the truck's bed the Sheriff's deputies found a blue tarp covering a large quantity of blood and an orange seat cushion that appeared to match the chairs at the scene where Newlin had discovered the bodies. Blood was dripping out of the tail gate onto the bumpers and tail pipe. Sheriff's deputies learned that the truck belonged to Bartlett and that Bartlett lived in a trailer approximately 50 yards behind Pete's Bar. In Bartlett's driveway, the deputies saw

tracks from a dual axle truck that appeared to match the tracks of the truck behind Pete's Bar. There was also a blood trail that seemed to lead from the front door of Bartlett's trailer down the porch steps and onto the ground.

The deputies then banged on the trailer's windows, door and walls for about fifteen minutes and eventually broke down Bartlett's front door. The deputies found Bartlett inside, fully clothed with some blood on his boots and pants and arrested him. The deputies also noticed a blood stain on the carpet. They subsequently obtained a search warrant for the trailer and recovered a blood-soaked rag and bed sheets, a sample from a chair matching the chairs at the crime scene, several bullets, and spent shell casings.

State v. Bartlett, No. 24,462 at 2 (N.M. Oct. 16, 1998), attached to Bartlett's Application for COA. Following a jury trial, Bartlett was found guilty of two counts of first degree murder and three counts of tampering with evidence. As indicated, the trial court sentenced Bartlett to two consecutive thirty-year terms for the murder counts and concurrent sentences on the tampering with evidence counts. Bartlett filed a direct appeal with the New Mexico Supreme Court, which affirmed his conviction. Id. Bartlett's first petition for state post-conviction relief was dismissed without prejudice. His second and third amended petitions were dismissed, and the New Mexico Supreme Court denied certiorari on both petitions. See Respondents' Answer at 4-6, R. Vol. 1 at 98-100.

On June 6, 2006, Bartlett filed the instant § 2254 petition. The district court referred it to a magistrate judge. In a 201-page report and recommendation, the magistrate judge recommended that the respondents' motion to dismiss be granted and the § 2254 petition dismissed with prejudice. Bartlett filed objections

to the report and recommendation. The district court adopted the magistrate judge's report and recommendation, granting respondents' motion to dismiss and dismissing the case with prejudice. The court subsequently denied Bartlett's motions for reconsideration and to alter or amend the judgment. The district court granted Bartlett permission to proceed on appeal *in forma pauperis*, but denied him a COA. This application for a COA followed.

## DISCUSSION

"A COA is a jurisdictional pre-requisite to our review." Clark v. Oklahoma, 468 F.3d 711, 713 (10th Cir. 2006). We will issue a COA only if Bartlett makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, he must establish that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations omitted).

Both before the district court and on appeal, Bartlett raises an enormous number of issues, many of which are duplicative of each other and/or redundant. The magistrate judge's report and recommendation, adopted by the district court, was lengthy and extremely thorough. As the magistrate judge specifically remarked, however, "[t]he length of this document should not be construed as an

indication that the merits of the allegations are difficult or close. It is long simply because of Plaintiff's determination to create an extraordinary number of claims and my desire to provide the reviewing court a more concise but comprehensive path through the maze." Report and Recommendation at 2, R. Vol. 1 at 195. We have carefully read Bartlett's submissions, the magistrate judge's report and recommendation, and the entire record in this case. For substantially the reasons stated in the report and recommendation, adopted by the district court, we conclude that Bartlett has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). We therefore deny his application for a COA and dismiss this appeal.

## CONCLUSION

For the foregoing reasons, the request for a COA is DENIED and the appeal is DISMISSED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge