**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 27, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

PATRICK H. BRUNER,

      Petitioner-Appellant,

v.

JUSTIN JONES, Director of the
Oklahoma Department of Corrections,

      Respondent-Appellee.

No. 10-6023

(D.C. No. CV-09-01174-W)
(W.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **BRISCOE,** Chief Judge, **TACHA,** and **O'BRIEN**, Circuit Judges.

---

Patrick H. Bruner, an Oklahoma state prisoner appearing with counsel,

seeks a certificate of appealability ("COA") so that he might challenge the district

court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition as untimely filed.

For the following reasons, we DENY Bruner's request for a COA and DISMISS

this matter.

**I**

In December 2005, an Oklahoma jury convicted Bruner of one count of

first degree murder, one count of felonious possession a firearm, and one count of

---

[*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.

aggravated attempt to elude a police officer. Bruner was subsequently sentenced to life without the possibility of parole for his murder conviction and to two lesser terms of imprisonment on his remaining convictions, with all three terms to run concurrently. On November 20, 2007, the Oklahoma Court of Criminal Appeals ("OCCA") affirmed Bruner's convictions and sentences on direct appeal. See Bruner v. State, No. F-2006-407 (Okla. Crim. App. Nov. 20, 2007). Bruner did not seek a writ of certiorari from the United States Supreme Court, nor did he seek state post-conviction relief.

On October 27, 2009, nearly two years after the OCCA had affirmed his convictions and sentences, Bruner filed a petition for a writ of habeas corpus in the federal district court, seeking relief pursuant to § 2254. Bruner's petition was referred to the magistrate judge who recommended that it be dismissed as untimely filed under 28 U.S.C. § 2244(d). After having received Bruner's objections, the district adopted the magistrate judge's recommendation and entered an order dismissing Bruner's petition. Bruner now seeks to appeal.

**II**

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a COA is a jurisdictional prerequisite to our review of the dismissal of a § 2254 petition. See 28 U.S.C. § 2253(c)(1)(A); Clark v. Oklahoma, 468 F.3d 711, 713 (10th Cir. 2006). Where, as here, the district court dismisses a petition on procedural grounds, we will grant a COA only if the petitioner can "demonstrate

-2-

both that 'jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" See Clark, 468 F.3d at 713 (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

In pursuit of a COA, Bruner concedes that his § 2254 petition was untimely filed and that because he did not seek state post-conviction relief, the statutory tolling provisions of § 2244(d)(2) are inapplicable. Bruner contends, however, that he is entitled to equitable tolling given the fact that "[a]t the conclusion of his direct appeal, [he] was never instructed by his attorney that he had only [one] year to file for a writ of habeas [corpus]." See Pet. Op. Br. at 12. However, even if this is true, because Bruner has not shown that he diligently pursued his federal claims before § 2244(d)(1)'s one-year limitation period expired, jurists of reason would not debate the district court's conclusion that he is not entitled to have that limitation period equitably tolled. See Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (explaining that equitable tolling is available only when "an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control").

**III**

We DENY Bruner's request for a COA and DISMISS this matter.

Entered for the Court


Mary Beck Briscoe
Chief Judge