FILED
United States Court of Appeals
Tenth Circuit

July 19, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JAMES EARL MERIDYTH,

      Defendant-Appellant.

No. 10-2022
(1:05-CV-00761-LH-RHS)
(D. N.M.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **EBEL**, and **LUCERO**, Circuit Judges.

James Earl Meridyth, a federal prisoner, seeks a certificate of appealability

("COA") to appeal the district court's dismissal of his 28 U.S.C. § 2255 habeas petition.[1]

Meridyth's petition challenges his 2001 conviction on a number of drug-trafficking

charges on the grounds that he was incompetent during trial and that his trial counsel was

ineffective for failing to investigate his competency. For substantially the reasons stated

by the district court, we deny a COA and dismiss the appeal.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We construe Meridyth's Notice of Appeal as an application for a COA. See Fed. R. App. P. 22(b)(2).

# I

In 2001, Meridyth was tried before a jury and convicted on three counts of drug trafficking. His trial counsel did not investigate Meridyth's competency to stand trial or raise concerns regarding Meridyth's competency to the trial judge.

After securing new counsel, Meridyth moved to stay sentencing. The district court determined he was incompetent, and he was committed for treatment and evaluation. Following a second evaluation, Meridyth was declared competent to proceed to sentencing, and sentence was imposed. We affirmed his conviction on direct appeal. United States v. Meridyth, 364 F.3d 1181, 1185 (10th Cir. 2004). Meridyth's competency at trial and the effectiveness of trial counsel were not raised. See id. at 1181.

Meridyth then filed a petition for habeas corpus pursuant to § 2255. After a series of delays, a magistrate judge ordered an evidentiary hearing to consider whether Meridyth and his now-ex-wife timely informed trial counsel that they wished Meridyth's mental health to be evaluated. At the hearing, Meridyth and his sister testified that trial counsel had known Meridyth was mentally ill before and during trial. In turn, trial counsel testified that Meridyth had appeared rational and that counsel had had no reason to believe Meridyth incompetent before or during trial. During this testimony, Meridyth objected to certain lines of questioning on the ground that they went beyond the scope of the hearing, but the magistrate overruled these objections. The magistrate similarly denied Meridyth's motion to strike statements he contended were beyond the scope of the hearing.

After the hearing, the magistrate issued a report and recommendation concluding that Meridyth was not entitled to habeas relief, based in part on factual findings that: (1) Meridyth was not credible when he testified that he suffered from mental illness of which his counsel was aware; and (2) trial counsel's testimony that Meridyth appeared rational was credible and supported by the record. Over objection by Meridyth, the district court adopted the magistrate's report and dismissed the petition. The district court also denied Meridyth's subsequent application for a COA.

## II

A petitioner may not appeal the denial of relief under § 2255 without a COA. § 2253(c)(1)(B). We may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). This requires Meridyth to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).

Meridyth first argues that the magistrate erred in determining that his testimony was not credible, while trial counsel's testimony was credible and supported by the record. We review a district court's factual findings for clear error. Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006). The magistrate considered the record as a whole in reaching his legal and factual conclusions. Substantial evidence suggests that Meridyth fabricated his claims of mental illness in pursuit of legal advantage. In light of this evidence, reasonable jurists could not conclude that the district court clearly erred in

-3-

disbelieving Meridyth's assertions that he was mentally ill and had informed trial counsel nor in crediting trial counsel's testimony to the contrary. Meridyth's contention that his visible head scar would cause any capable counsel to investigate competency is without merit: Counsel testified that Meridyth affirmatively demonstrated competency by being rationally involved in his own defense.

Finally, Meridyth contends that the district court erred by failing to strike portions of the transcript of the evidentiary hearing that allegedly exceeded the hearing's scope. We decline to consider this issue because Meridyth failed to specifically present it to the district court in his objection to the magistrate's report and recommendation. See Morales-Fernandez v. INS, 418 F.3d 1116, 1119 (10th Cir. 2005) ("This court has adopted a firm waiver rule under which a party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions.").

### III

For the foregoing reasons, we **DENY** a COA and **DISMISS** the appeal.

Entered for the Court


Carlos F. Lucero
Circuit Judge