FILED
United States Court of Appeals
Tenth Circuit

July 22, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

NATHAN ERIC SCANLON,

    Defendant - Appellant.

No. 11-1061
(D.C. Nos. 1:06-CV-01975-REB and
1:04-CR-00224-REB-MJW-1)
(D. Colo.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

Defendant-Appellant Nathan Eric Scanlon, a federal prisoner represented by counsel, seeks a certificate of appealability ("COA") to challenge the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside or correct his sentence. Because he has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny his request for a COA and dismiss the appeal. See Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Background

Mr. Scanlon pleaded guilty to receiving and distributing child pornography in violation of 18 U.S.C. § 2252A(a)(2)(B) and criminal forfeiture under 18

U.S.C. § 2253 and was sentenced to 121 months' imprisonment, a term at the bottom end of the advisory guideline. United States v. Scanlon, No. 10-1135, Order and Judgment, at 2 (10th Cir. June 22, 2010) (sealed document). Mr. Scanlon never filed an appeal, but he did file a pro se motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, alleging eight claims for relief. Id. at 2-3. The district court denied the motion, but we granted a COA with respect to Mr. Scanlon's claim that his trial counsel was ineffective for failing to file a notice of appeal as requested by Mr. Scanlon. Id. at 3, 8. We remanded the matter to the district court to resolve one issue of fact: whether Mr. Scanlon directed trial counsel to file a notice of appeal on his behalf. Id. at 8. We explained that "[i]f . . . the district court finds that Scanlon did not direct trial counsel to file a notice of appeal, Scanlon's request for § 2255 relief must be denied." Id.

On remand, the district court held an evidentiary hearing where Mr. Scanlon, his mother, and his former counsel testified. United States v. Scanlon, No. 06-cv-01975-REB, 2011 WL 250668 (D. Colo. Jan. 26, 2011). The testimony established that Mr. Scanlon and his former counsel had two conversations regarding an appeal: a face-to-face conversation outside the courthouse shortly after Mr. Scanlon had been sentenced and a telephone conversation a few days after the sentencing. The parties disputed whether Mr. Scanlon directed his counsel to file a notice of appeal. Mr. Scanlon testified that he told his counsel to

appeal during both conversations. 5 R. 9-10. His mother, who was privy only to the first conversation, testified that it was her understanding that the first conversation was a request to appeal. Id. at 34. Mr. Scanlon's former counsel testified that he informed Mr. Scanlon that he would file an appeal if requested, but that he did not think there was a good chance of winning, and that Mr. Scanlon never asked him to appeal during either conversation. Id. at 44, 46, 47, 50. The district court noted inconsistencies in Mr. Scanlon's and his mother's testimony and found Mr. Scanlon's former counsel to be the most credible witness. Scanlon, 2011 WL 250668, at *1, *3. The court concluded that "Scanlon never requested or directed his attorney . . . to file an appeal" and denied § 2255 relief. Id. at *6. The court later denied a COA. 4 R. 96.

Discussion

To establish ineffective assistance of counsel based on counsel's failure to file a notice of appeal, Mr. Scanlon must show that "counsel's representation fell below an objective standard of reasonableness" and that "counsel's deficient performance prejudiced" him. Roe v. Flores-Ortega, 528 U.S. 470, 476-77 (2000) (internal quotation marks and citation omitted). Where trial counsel "consulted" with the defendant about an appeal—meaning counsel advised the defendant about the advantages and disadvantages of taking an appeal and made a reasonable effort to discover the defendant's wishes—he "performs in a

professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." Id. at 478.

After the evidentiary hearing, the district court concluded that Mr. Scanlon had not instructed his counsel to file a notice of appeal; thus, Mr. Scanlon could not establish the factual predicate for his ineffective assistance claim. The district court's resolution of this matter is not reasonably debatable given the standard of review we would be required to employ in evaluating its factual finding: clear error. See Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006). Clearly, there were two permissible views of the evidence and the district court's finding cannot be clearly erroneous.

To the extent Mr. Scanlon contends that the district court had a duty to determine whether counsel had in fact "consulted" with him about the appeal, see Aplt. Br. 21-22, we note that our prior panel opinion implicitly concluded that counsel had "consulted" with Mr. Scanlon by limiting the scope of the remand to the question of whether Mr. Scanlon directed his counsel to file a notice of appeal and instructing the district court to dismiss the motion if it found that Mr. Scanlon had not directed his counsel to appeal.

Accordingly, we DENY a COA and DISMISS the appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge