**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 6, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

BRAULIO LUEVANO-SANCHEZ,

    Defendant - Appellant.

No. 11-2225
(D.C. Nos. 1:11-CV-00669-WJ-CG and
1:09-CR-02261-WJ-3 )
(D. N. Mex.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **O'BRIEN,** and **MATHESON**, Circuit Judges.

Braulio Luevano-Sanchez, a federal prisoner appearing pro se,[1] seeks a certificate

of appealability ("COA") to challenge the district court's order denying his habeas corpus

petition under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2253(c)(1)(B) (requiring a COA to

appeal an order denying a § 2255 petition). He also seeks leave to proceed *in forma*

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]Because Mr. Luevano-Sanchez is proceeding pro se, we construe his pleadings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("[W]e must construe [a pro se litigant's] arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate.").

*pauperis.* We deny both requests and dismiss this matter.

In December 2009, Mr. Luevano-Sanchez pled guilty to one count of reentry of a removed alien, in violation of 8 U.S.C. § 1326. He was sentenced to 37 months in prison. The district court entered judgment on March 17, 2010.

Under Rule 4 of the Federal Rules of Appellate Procedure, Mr. Luevano-Sanchez had 14 days after the court's entry of judgment to file a notice of appeal. *See* Fed. R. App. P. 4(b)(1)(A)(i). Accordingly, he was required to file his notice of appeal by March 31, 2010, but he failed to do so.

Mr. Luevano-Sanchez filed a notice of appeal on January 18, 2011, approximately 10 months after the district court entered judgment. We dismissed his appeal as untimely. On July 28, 2011, Mr. Luevano-Sanchez filed a § 2255 petition in the federal district court.

A federal magistrate judge reviewed Mr. Luevano-Sanchez's § 2255 petition. The magistrate judge recommended dismissing Mr. Luevano-Sanchez's petition as time-barred under the one-year limitations period applicable to § 2255 petitions. *See* 28 U.S.C. § 2255(f). The magistrate judge explained that judgment had become final in Mr. Luevano-Sanchez's case on March 31, 2010, when his 14-day period to file a notice of appeal expired. Because Mr. Luevano-Sanchez filed his § 2255 petition more than one year later, the magistrate judge concluded his petition was untimely.

The federal district court adopted the magistrate judge's findings and recommendations and dismissed Mr. Luevano-Sanchez's § 2255 petition. The district

court rejected two objections Mr. Luevano-Sanchez made to the magistrate judge's recommendations. First, the court rejected Mr. Luevano-Sanchez's claim that the court should have construed his untimely January 18, 2011 notice of appeal as a § 2255 petition. The court explained that it was divested of jurisdiction over Mr. Luevano-Sanchez's case after he filed his notice of appeal, that nothing in the notice of appeal had indicated it was a habeas petition, and that the court was without authority to hold that the appellate court had abused its discretion in viewing his filing as a notice of appeal.

Second, the district court rejected Mr. Luevano-Sanchez's argument that he had instructed his trial attorney to file a direct appeal and that he was unaware of the attorney's failure to file a timely appeal until sometime later. The court construed this argument as implicating statutory tolling of the one-year limitations period under 28 U.S.C. § 2255(f)(4). Under that provision, the limitations period does not begin to run until "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4).

The court concluded that the limitations period was not tolled under the statute because Mr. Luevano-Sanchez had failed to show "any diligent effort on his part to discover whether his attorney had filed a direct appeal" or to "allege[] on which date he discovered that his attorney failed to file a direct appeal." *Luevano-Sanchez v. United States*, No. CV 11-669 WJ/CG, slip. op. at 4 (D.N.M. Nov. 1. 2011). Accordingly, the district court dismissed Mr. Luevano-Sanchez's § 2255 petition and declined to grant a COA.

Mr. Luevano-Sanchez now requests that we grant a COA, which is a jurisdictional prerequisite for appeal from the district court's dismissal of his § 2255 petition. *See* 28 U.S.C. § 2253(c)(1)(B); *United States v. Gonzalez*, 596 F.3d 1228, 1241 (10th Cir. 2010), *cert. denied*, 131 S. Ct. 172 (2010). We have reviewed Mr. Luevano-Sanchez's pro se filings, the district court's order, and the record in this case. After doing so, we conclude that Mr. Luevano-Sanchez has failed to meet the requirement that he "demonstrate both that 'jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

We therefore deny Mr. Luevano-Sanchez's request for a COA and dismiss this matter. We also deny his motion for leave to proceed *in forma pauperis*.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge

-4-