**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 6, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

VILIAMI S. LOUMOLI,

     Defendant - Appellant.

No. 12-4054
(D.C. Nos. 2:11-CV-01184-TC and
2:08-CR00431-TC, 2:08-CR-00499-TC)
(D. Utah)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **O'BRIEN,** and **MATHESON**, Circuit Judges.

Viliami Loumoli, a federal prisoner appearing pro se,[1] seeks a certificate of

appealability ("COA") to challenge the district court's order denying his 28 U.S.C.

§ 2255 petition to vacate, set aside, or correct his sentence.  *See* 28 U.S.C.

§ 2253(c)(1)(B).  Exercising jurisdiction under 28 U.S.C. § 1291, we deny his COA

---

    *This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

    [1]Because Mr. Loumoli is proceeding pro se, we construe his pleadings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("[W]e must construe [a pro se litigant's] arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate.").

request and dismiss this matter.

## I.    BACKGROUND

In July 2008, Mr. Loumoli was indicted in two federal cases—2:08-cr-431 and 2:08-cr-499.  Facing a total of 16 counts related to weapons and robbery crimes, Mr. Loumoli entered into a combined plea agreement with the Government under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.  Mr. Loumoli agreed to plead guilty to the first two counts of each indictment, and the Government agreed to dismiss the remaining charges against him and to recommend a 35-year prison sentence.

The district court accepted the plea agreement and sentenced Mr. Loumoli to 35 years of imprisonment.  It entered judgment on January 21, 2009.  Mr. Loumoli did not appeal.

In May 2010, Mr. Loumoli was indicted in a third case—2:08-cr-758—and charged with racketeering conspiracy under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(d).  Some of the RICO indictment's alleged predicate acts were the bases of charges against Mr. Loumoli in case 2:08-cr-431 and were part of his plea agreement.

As a result of the RICO indictment, on August 1, 2011, Mr. Loumoli sent a letter to the district court asking to withdraw his guilty plea in cases 2:08-cr-431 and 2:08-cr-

499 and to dismiss case 2:08-cr-758.[2]  He argued that the Government breached his plea agreement by charging him with racketeering conspiracy.  He also asserted that the RICO indictment violated his Fifth Amendment right against double jeopardy and that his counsel's representation had been ineffective for failing to warn him about the possibility of a RICO charge.

The Government dismissed the RICO charge, and Mr. Loumoli informed the district court that his motion to dismiss case 2:08-cr-758 was therefore moot.  Mr. Loumoli told the court he still wished to withdraw his guilty plea in cases 2:08-cr-431 and 2:08-cr-499.  On December 5, 2011, the court ordered Mr. Loumoli to re-file his motion as a petition under 28 U.S.C. § 2255 within three weeks.

Mr. Loumoli filed his § 2255 petition on December 16, 2011.  In an order on January 19, 2012, the district court denied Mr. Loumoli's petition as time-barred under 28 U.S.C. § 2255(f)'s one-year limitation period.  Mr. Loumoli filed a motion for reconsideration, which the court also denied.

## II.    DISCUSSION

Mr. Loumoli now seeks a COA to challenge the district court's order denying his § 2255 petition as time-barred.  He has identified three issues in his application:  (1) the Government breached his plea agreement; (2) he received ineffective assistance of counsel; and (3) the RICO action against him was a violation of his right against double

---

[2]The district court treated the August 1, 2011 letter as a motion to withdraw Mr. Loumoli's guilty plea in cases 2:08-cr-431 and 2:08-cr-499.

jeopardy.

"The issuance of a COA is a jurisdictional prerequisite to an appeal from the denial of an issue raised in a § 2255 motion." *United States v. Gonzalez*, 596 F.3d 1228, 1241 (10th Cir. 2010), *cert. denied*, 131 S. Ct. 172 (2010); *see also* 28 U.S.C. § 2253(c)(1)(B). If the district court's decision rested on procedural grounds, we will issue a COA only if the applicant "demonstrate[s] both that 'jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006) (emphasis added) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The district court's procedural ruling rested on 28 U.S.C. § 2255(f). Under that provision, a prisoner must file a § 2255 petition within one year of the latest of four dates. *See* 28 U.S.C. § 2255(f)(1)-(4). The district court determined that the applicable date was "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." *Id.* § 2255(f)(4).

The claims in Mr. Loumoli's § 2255 petition all arise from the Government's RICO indictment. The district court explained that the RICO indictment was filed on June 2, 2010, and Mr. Loumoli knew on that date the facts supporting his claims. Mr. Loumoli thus had until June 2, 2011, to file his § 2255 petition.

Mr. Loumoli did not file the motion to withdraw his guilty plea until August 1, 2011, and he did not file his § 2255 petition until December 16, 2011. Regardless of

whether either date is used to determine when Mr. Loumoli filed his petition, each is beyond § 2255's one-year limitation period.

In addition, Mr. Loumoli's COA application focuses on the merits of his claims and does not dispute the district court's procedural ruling. Even construing Mr. Loumoli's application liberally, we cannot conclude that the district court's ruling is reasonably debatable.

## III. CONCLUSION

For the foregoing reasons, we deny Mr. Loumoli's request for a COA and dismiss this matter.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge