FILED
United States Court of Appeals
Tenth Circuit

August 17, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PADRE WILLIE BEISON,

      Petitioner–Appellant,

v.

STATE OF OKLAHOMA;
OKLAHOMA COUNTY DISTRICT
COURT,

      Respondents–Appellees.

No. 12-6128
(D.C. No. 5:12-CV-00164-C)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

Padre Beison, a state prisoner appearing pro se, seeks a certificate of appealability

("COA") to appeal the district court's dismissal of his 28 U.S.C. § 2254 habeas petition

as untimely.  We deny a COA and dismiss the appeal.

**I**

Beison pled guilty to first degree murder, larceny of an automobile, and escaping

from a penitentiary in Oklahoma state court on August 29, 2005.  He was sentenced to

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

life imprisonment and did not appeal his conviction. On August 24, 2010, Beison filed a state application for post-conviction relief, which was denied. That denial was affirmed on appeal. Beison filed the § 2254 habeas petition now before us in February 2012. The district court concluded that the petition was untimely and found that Beison was not entitled to equitable tolling. It accordingly dismissed the petition and declined to grant a COA.

## II

We will grant a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Beison must thus demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted). Because he is proceeding pro se, we liberally construe Beison's filings. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one-year limitation period applies to a state prisoner's application for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Beison was sentenced on August 29, 2005, and his conviction became final ten days later when the deadline to file an appeal passed. See Okla. Stat. tit. 22, § 1051; Rule 4.2(A), Rules of the Okla. Ct. of Crim. Appeals. The one-year AEDPA limitation period thus began to run on September 8, 2005, and expired on September 8,

2006. In light of this deadline, Beison's February 13, 2012 petition is clearly untimely.[1]

We will nevertheless review Beison's untimely habeas petition if he demonstrates that he is entitled to equitable tolling. Equitable tolling of AEDPA's one-year limitations period is available "only in rare and exceptional circumstances" and only to those petitioners who diligently pursue their federal habeas claims. Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (quotation omitted). Beison's filings, however, offer no explanation for the multiple years of delay between his conviction and his habeas petition. We thus conclude that he is not entitled to equitable tolling.

**III**

We **DENY** a COA and **DISMISS** the appeal.

Entered for the Court,

Carlos F. Lucero
Circuit Judge

---

[1] Because Beison filed his state petition for post-conviction relief well after the AEDPA limitations period had expired, his state petitions provided no basis for tolling the AEDPA deadline. See Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006) (state post-conviction proceedings toll AEDPA statute of limitations only when "filed within the one year allowed by AEDPA").