FILED
United States Court of Appeals
Tenth Circuit

January 25, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TRAVIS BERNARD COLVIN,

  Petitioner - Appellant,

v.

ANGEL MEDINA, Warden; THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

  Respondents - Appellees.

No. 12-1370
(D.C. No. 1:10-CV-00896-MSK)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

Travis B. Colvin, a Colorado state prisoner proceeding pro se,[1] seeks a certificate

of appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2254

petition for a writ of habeas corpus. Exercising jurisdiction under 28 U.S.C. § 1291, we

deny his request for a COA and dismiss this matter.

---

 * This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

 [1] *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("[W]e must
construe a [pro se litigant's] arguments liberally; this rule of liberal construction stops,
however, at the point at which we begin to serve as his advocate.").

## I.    BACKGROUND

In February 1987, Mr. Colvin, Glenn Jones, and Otis Bell were charged together in state court with offenses related to the armed robbery of a home, rape of one of the occupants, and theft of a motor vehicle to escape.

After Mr. Jones and Mr. Bell were convicted in separate trials, Mr. Colvin proceeded to a bench trial in December 1987. His defense was that Mr. Jones and Mr. Bell coerced him into committing the crimes. Mr. Jones and Mr. Bell did not testify. The trial court found Mr. Colvin guilty of various charges, including first degree sexual assault, attempted first degree murder, and first degree burglary. He was sentenced to 138 years and one day in prison.

Mr. Colvin then filed two successive petitions for post-conviction relief in state court. He raised several issues, but the only issue before us is whether his trial counsel was ineffective for failing to call Mr. Jones and Mr. Bell to testify at his trial. The Colorado courts found that Mr. Colvin's counsel had asked Mr. Bell's and Mr. Jones's attorneys if their clients would testify, that their attorneys had agreed to pass on the request but would advise their clients not to testify, and that the attorneys ultimately replied that their clients would not testify. The Colorado courts concluded that Mr. Colvin had not established ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Mr. Colvin then filed a 28 U.S.C. § 2254 habeas petition in federal district court. He made several claims, but only the claim for ineffective assistance of trial counsel is

before us. The district court concluded that Mr. Colvin had not shown by clear and convincing evidence that the state district court's factual findings were incorrect, and it rejected the claim for ineffective assistance of trial counsel.

## II. DISCUSSION

Mr. Colvin argues that the federal district court erred in dismissing his two claims for ineffective assistance of trial counsel. In his § 2254 petition, Mr. Colvin argued that his trial counsel should have (1) contacted Mr. Jones and Mr. Bell personally before their convictions, not just contact their attorneys, to determine their willingness to testify on behalf of Mr. Colvin at his trial; and (2) re-contacted Mr. Jones's and Mr. Bell's attorneys or Mr. Jones and Mr. Bell themselves after their convictions to determine their willingness to testify.

Mr. Colvin may not appeal the district court's decision without a certificate of appealability. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006). We may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this standard, Mr. Colvin must show "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In determining whether a COA applicant has made the required showing, we must account for the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). It

provides that if a state court adjudicated the merits of a claim, a federal court cannot grant habeas relief unless the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id*. § 2254(d)(2). "Therefore, for those of [Mr. Colvin's] claims that were adjudicated on the merits in state court, AEDPA's deferential treatment of state court decisions must be incorporated into our consideration of his request for COA." *Charlton v. Franklin*, 503 F.3d 1112, 1115 (10th Cir. 2007) (quotations omitted).

A. ***Contact with Co-Defendants Before Their Convictions***

After his conviction, Mr. Colvin sought post-conviction relief in state court. He argued that his trial counsel was ineffective for failing to call Mr. Jones and Mr. Bell at trial. After an evidentiary hearing at which Mr. Bell, Mr. Jones, their attorneys, and Mr. Colvin's trial counsel testified, the Colorado district court found that Mr. Colvin's counsel had asked Mr. Jones's and Mr. Bell's attorneys whether their clients would testify at Mr. Colvin's trial. The court said that the lawyers "testified that they would do everything in [their] power to prevent their clients from testifying" until all avenues of appeal had been exhausted. ROA, Vol. 1 at 93.

Addressing whether Mr. Colvin's counsel's performance was deficient for not calling Mr. Jones and Mr. Bell at trial, *id*. at 104, the Colorado Court of Appeals noted that it had to "presume that the [factual findings] of the [Colorado district court] were

correct" because Mr. Colvin had failed "to provide those portions of the record [from the evidentiary hearing] necessary to substantiate his claims." *Id*. at 105. The appellate court affirmed the state district court's denial of Mr. Colvin's ineffective assistance of counsel claim.

Mr. Colvin filed a second post-conviction petition, claiming that his post-conviction counsel was ineffective in the first post-conviction proceeding for failing to provide the entire record of the evidentiary hearing to the Colorado Court of Appeals. The claims raised in the second state post-conviction petition are not before us in Mr. Colvin's request for a COA, but the resolution of the second petition required the state appellate court to affirm a factual finding relevant to the issues before us. In addressing the ineffective assistance of post-conviction counsel claim, the Colorado Court of Appeals reviewed the entire record from the state district court evidentiary hearing and determined that the full "record indicates that co-defendants would not have testified at [Mr. Colvin's] trial" because their lawyers "communicated that their clients were not willing to testify." *Id*. at 166 (quotations omitted).

Federal courts must presume that state court factual findings are correct; the petitioner has the burden of rebutting this presumption "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). The federal district court concluded that Mr. Colvin had not shown by clear and convincing evidence that the state district court erred in its findings about Mr. Colvin's counsel's communications with the lawyers for Mr. Jones and Mr. Bell. The court rejected Mr. Colvin's claim of ineffective assistance of counsel.

It held that "it is reasonable for the attorney to assume that the witnesses will heed the advice of their counsel not to testify, and to conclude that time and effort that would be spent procuring the appearance of witnesses who would ultimately remain silent could be better spent exploring other lines of defense." *Colvin v. Medina*, No. 10-CV-00896-MSK, 2010 WL 4853636, at *10 (D. Colo. Nov. 22, 2010). Accordingly, the court agreed with the Colorado courts that Mr. Colvin's counsel did not fall below an objective standard of reasonableness for failing "to pursue calling a witness whose counsel has represented that they would advise that witness not to testify." *Id.*; *see Strickland*, 466 U.S. at 688.

We conclude that Mr. Colvin has not shown "that reasonable jurists could debate whether" the district court should have resolved this issue in a different manner. *Slack*, 529 U.S. at 484. For the same reasons as the district court, we conclude that Mr. Colvin's counsel's handling of Mr. Jones's and Mr. Bell's potential appearances at trial was not objectively unreasonable. We therefore deny a COA on this issue.

B. ***Contact with Co-Defendants After Their Convictions***

The federal district court assumed without deciding that Mr. Colvin exhausted in state court the claim that his counsel should have asked Mr. Jones's and Mr. Bell's attorneys again whether their clients would testify "after their convictions but before [his] own trial." *Colvin v. Medina*, 10-CV-00896-MSK, 2012 WL 3962684 at *6 (D. Colo.

-6-

Sept. 10, 2012).[2]  It concluded this claim was meritless.  The court reiterated the state district court's findings that Mr. Colvin's counsel had asked the attorneys whether their clients would testify on his behalf and was told that they declined to do so.  It further stated, "By all appearances, both attorneys advised Mr. Colvin's counsel that, even if their clients had been disposed to testify, they would have strongly advised them not to do so."  *Id.*  The court concluded that it was not "objectively unreasonable for Mr. Colvin's counsel to assume that the co-defendants would continue to refuse to testify post-conviction, at least so long as their appeals were pending."  *Id.*

The federal district court also stated that logic supported this conclusion.  Mr. Colvin's counsel testified at Mr. Colvin's state post-conviction evidentiary hearing that, although Mr. Colvin told him that co-defendants had offered to testify, their attorneys told him that their clients would not testify.  It is reasonable to infer, the court said, that Mr. Jones and Mr. Bell heeded their attorneys' advice not to testify.  Because nothing in the record indicated that their attorneys would have given different advice post-conviction, the district court concluded that "it is reasonable to believe that they would continue to refuse to testify post-conviction."  *Id.*  The district court held that it was not objectively unreasonable for Mr. Colvin's counsel to conclude that making a second request would be unproductive and concluded that Mr. Colvin had not shown that his trial

_____

[2] "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."  28 U.S.C. § 2254(a)(2).

counsel's performance was ineffective.

Mr. Colvin again has not shown "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner." *Slack*, 529 U.S. at 484. We agree with the district court's analysis. We therefore deny a COA on this issue.

### III.    **CONCLUSION**

We deny Mr. Colvin's request for a COA and dismiss this matter. We also deny Mr. Colvin's request to proceed *in forma pauperis*.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge