**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

COLIN LEE BASHANT,

      Petitioner - Appellant,

v.

TRACY MCCOLLUM, Warden

      Respondent - Appellee.

No. 15-6126
(D.C. No. 5:15-CV-00119-W)
(D. W.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**
**AND DISMISSING APPEAL**

---

Before **GORSUCH**, **O'BRIEN**, and **BACHARACH**, Circuit Judges.

---

Colin Lee Bashant, an Oklahoma state prisoner proceeding pro se,[1] wants to appeal from the dismissal of his 28 U.S.C. § 2254 habeas petition as time-barred. The district court denied a certificate of appealability (COA). Because Bashant has not "made a substantial showing of the denial of a constitutional right," *see* 28 U.S.C. § 2253(c)(2), we also deny a COA.

On January 22, 1998, Bashant entered a blind guilty plea to various sex offenses. On March 13, 1998, he was sentenced to a total of 200 years imprisonment. At

---

[1] Due to Bashant's pro se status, we have liberally construed his pleadings, stopping short, however, of serving as his advocate. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

sentencing he expressed remorse for his actions, admitting he was "very wrong, very weak." (R. at 93.) He was advised of and acknowledged that if he wished to appeal from the sentence, he must first file a motion to withdraw his plea within 10 days; if that motion is denied, he had 90 days in which to seek certiorari review with the Oklahoma Court of Criminal Appeals (OCCA). *See* Okla. Stat. tit. 22 § 1051(a); Rule 4.2(A), Rules of the Oklahoma Court of Criminal Appeals, Okla. Stat. tit. 22, Ch. 18, App. Bashant did not move to withdraw his plea or perfect a certiorari appeal with the OCCA. Instead, on June 25, 1998, he filed a request for 120-day judicial review in state court. *See* Okla. Stat. tit. 22, § 982a (allowing sentencing court to modify a previously imposed sentence any time within 24 months after the initial sentence is imposed). That request was denied on July 31, 1998. Two years later, on July 31, 2001, he filed his first petition for post-conviction relief in state court seeking permission to file a direct appeal out of time; he blamed trial counsel for failing to perfect a direct appeal on his behalf despite being requested to do so. The trial court denied relief on March 8, 2002, and the OCCA affirmed on May 30, 2002. He filed four other petitions for post-conviction relief; the latest decision from the OCCA concerning those applications was a dismissal occurring on January 21, 2015. He filed his § 2254 petition nine days later, on January 30, 2015, again claiming counsel was ineffective in failing to perfect the requested direct appeal.

Not surprisingly, the magistrate judge recommended the petition be dismissed as time-barred. Because Bashant did not timely move to withdraw his guilty plea or seek certiorari review with the OCCA, the judge concluded his conviction became final on March 23, 1998, ten days after judgment was entered. *See Clark v. Oklahoma*, 468 F.3d

- 2 -

711, 713 (10th Cir. 2006).  The one-year statute of limitations began to run the next day.  *See* 28 U.S.C. § 2244(d)(1).  The judge determined the limitations period was statutorily tolled for 36 days while Bashant's request for 120-day review was pending.  *See* 28 U.S.C. § 2244(d)(2) (one-year limitations period tolled while "a properly filed application for State post-conviction or other collateral review . . . is pending").  With the additional 36 days, Bashant had until April 29, 1999, to file his § 2254 petition.

Bashant contended the time was extended by his other state petitions for post-conviction relief.  But they did not toll the limitations period because they were filed after the federal limitations period had already expired.  *Clark*, 468 F.3d at 714 ("Only state petitions for post-conviction relief filed within the one year [limitations period] will toll the statute of limitations.").  His federal petition was at least 15 years too late.

Bashant also made arguments for equitable tolling of the limitations period, claiming, among other things, that defense counsel abandoned him by not filing a requested appeal.  The magistrate judge decided the claimed abandonment, even if true, did not excuse his inaction in seeking relief.  In Bashant's own words, his attorney told him he would visit him about an appeal the Monday following his Friday sentencing.  When his attorney did not do so, Bashant had his family call the attorney every day for six months to no avail.  According to the judge, despite receiving no response from his attorney for 6 months (September 1998), Bashant nevertheless did nothing until he filed his first state petition for post-conviction relief in July 2001.  And his first federal habeas petition did not come until over 16 years after he was sentenced.  Such inaction does not constitute the requisite due diligence.  *See Yang v. Archuleta*, 525 F.3d 925, 928 (10th

Cir. 2008) ("Generally, equitable tolling requires a litigant to establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.") (quotations omitted).  The district judge adopted the magistrate judge's recommendation in toto.

A COA is a jurisdictional prerequisite to our review of a petition for a writ of habeas corpus.  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  It requires "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Because the judge's ruling rests on procedural grounds, Bashant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

We have thoroughly reviewed the record, the magistrate judge's report and recommendation, and Bashant's Combined Opening Brief and Application for COA.  No jurist of reason could reasonably debate the correctness of the district court's decision. The COA request is patently without merit.  We **DENY** the request for a COA and **DISMISS** this matter.  We **DENY** his request for the appointment of counsel.

                                                             **Entered by the Court:**

                                                             **Terrence L. O'Brien**
United States Circuit Judge