**F I L E D**

UNITED STATES COURT OF APPEALS

**November 13, 2006**

TENTH CIRCUIT

_____

DENNIS NEAL CLARK,

    Petitioner - Appellant,

v.

STATE OF OKLAHOMA,

    Respondent - Appellee.

No. 06-6046
(W. D. Oklahoma)
(D.Ct. No. 05-CV-1285-C)

_____

**ORDER DENYING LEAVE TO PROCEED**
**ON APPEAL *IN FORMA PAUPERIS*,**
**DENYING CERTIFICATE OF APPEALABILITY,**
**AND DISMISSING APPLICATION**

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* FED. R. APP. P. 34(a)(2); 10TH CIR. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Dennis Neal Clark, a state prisoner proceeding *pro se*,[1] filed a 28 U.S.C. §

2254 motion to vacate, set aside or correct his sentence. The district court

dismissed the motion, concluding it was untimely under 28 U.S.C. § 2244(d)(1)

_____

[1] *Pro se* pleadings are liberally construed. *Ledbetter v. City of Topeka, Kan.,* 318
F.3d 1183, 1187 (10th Cir. 2003).

which contains a one-year statute of limitations. Clark then filed a notice of appeal[2] and an application to proceed *in forma pauperis* (*ifp*). The court denied his motion to proceed *ifp*, certifying the appeal was not taken in good faith under 28 U.S.C. § 1915(a)(3) because his application to appeal failed to give a reasoned nonfrivolous argument on the law and supporting facts as to why the dismissal of his habeas petition was incorrect. *See* 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(3). In this Court, Clark requests a Certificate of Appealability (COA) and again seeks leave to proceed *ifp*. *See* 28 U.S.C. § 2253(c)(1)(B); FED. R. APP. P. 22(b)(1), 24(a)(5).

*Background*

Clark's habeas petition stems from four state cases. In one case, a jury convicted Clark of two counts. He then pled guilty to three other pending cases pursuant to a plea agreement. On December 20, 2002, he was sentenced to twenty years imprisonment for the charges on which the jury found him guilty. At the same time, pursuant to the plea agreement, the court sentenced him on the remaining charges, running all sentences concurrently. Clark did not move to withdraw his guilty pleas, file a direct appeal, or seek a writ of certiorari from the

---

[2] "If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability [COA] or state why a certificate should not issue." FED. R. APP. P. 22(b)(1). The district court did not act on Clark's constructive request for a COA. A COA is deemed denied if the district court does not address the issuance of a COA within thirty days. 10TH CIR. R. 22.1(C).

United States Supreme Court. As a result, the judgments on Clark's convictions became final ten days later, December 30, 2002. OKLA. STAT. TIT. 22,§ 1501; OKLA. CRIM. APP. R. 2.5(A) & 4.2(A). Clark filed his habeas petition in federal court on November 3, 2005. Because the petition was signed on October 31, 2005, the district court deemed it filed on that date pursuant to the prisoner mailbox rule. FED. R. APP. P. 4(c).

*Certificate of Appealability*

A COA is a jurisdictional pre-requisite to our review. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). We will issue a COA only if Clark makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, he must establish that "reasonable jurists could debate whether . . . the petition should have been resolved [by the district court] in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (quotations omitted). Insofar as the district court dismissed Clark's habeas petition on procedural grounds, Clark must demonstrate both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district

court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* We review the district court's factual findings for clear error and its legal conclusions *de novo. English v. Cody,* 241 F.3d 1279, 1282 (10th Cir. 2001).

Because Clark's petition was filed on October 31, 2005, almost two years after his conviction became final, his petition is untimely absent statutory or equitable tolling. Clark claims statutory tolling. Section 2244(d)(1)(B) allows the limitation period to begin as of "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." Clark claims this provision should toll the statute of limitations because, pursuant to his petition on November 19, 2003, the state was ordered to provide records to him in order that he might file an application for post-conviction relief. Although the state made some records available a few days later, it did not fully respond until January 27, 2005. Thus, he concludes the statute of limitations should run from that date.

As the district court found, this provision is unavailing for Clark because he failed to explain why the documents held by the state were necessary to pursue his federal claim and he also did not show diligent pursuit of his claims even after receiving the material. *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) ("[Petitioner] has provided no specificity regarding the alleged lack of access and

the steps he took to diligently pursue his federal claims."); *see also Marsh*, 223 F.3d at 1220.  We agree with the district court.

As an alternative, Clark implicitly raises 28 U.S.C. § 2244(d)(2), which provides:  "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).  Clark concludes the time limitations should be tolled until the date his state post-conviction proceedings terminated, August 31, 2005.  However, his application for state post-conviction relief was not filed until February 22, 2005, even though it is based on his Oklahoma convictions which became final on December 30, 2002.  Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations.  *See Burger v. Scott*, 317 F.3d 1133, 1136-37 (10th Cir. 2003); *Redd v. McGrath*, 343 F.3d 1077, 1084 (9th Cir. 2003).  Clark's 2005 state filings were not "properly filed" and do not toll his federal claim.

Since neither of Clark's statutory tolling arguments have merit, his petition is timely only if we apply equitable tolling, a remedy suitable only in "extraordinary circumstances."  *Marsh*, 223 F.3d at 1220.  Clark must show both extraordinary circumstances preventing timeliness and diligent pursuit of his claim.  *Miller,* 141 F.3d at 978.  We agree with the district court that Clark has failed to meet his burden under either of these requirements.  The propriety of its

dismissal of his petition is not reasonably debatable. *Slack,* 529 U.S. at 484. Clark has failed to make a sufficient showing that he is entitled to a COA. Accordingly, we deny his request for a COA.

*IFP*

After reviewing Clark's contentions we conclude, as did the district court, that this appeal is not taken in good faith. *Coppedge v. United States,* 369 U.S. 438, 446 (1962). His motion to proceed *ifp* is denied. Clark is required to immediately remit the full amount of the filing fee. We remind him of his obligation to pay the filing fee even though his request for a COA has been denied. *See Kinnell v. Graves*, 265 F.3d 1125, 1129 (10th Cir. 2001) (dismissal of an appeal does not relieve appellant of the obligation to pay the appellate filing fee in full).

Clark's applications are DISMISSED.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

-6-