**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 18, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TRAVIS FOOTE,

      Petitioner - Appellant,

v.

GREG PROVINCE, Warden,

      Respondent - Appellee.

No. 08-6250

(W.D. Oklahoma)

(D.C. No. CV-08-00223-F)

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **ANDERSON**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this proceeding. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner/appellant Travis Foote, an Oklahoma prisoner proceeding *pro se*, seeks a certificate of appealability ("COA") to enable him to appeal the district

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

court's dismissal of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. We deny Foote a COA and dismiss this appeal.

## BACKGROUND

Foote is currently serving a sixty-year sentence in the custody of the Oklahoma Department of Corrections for first degree rape, aiding and abetting assault and battery with intent to kill, and kidnaping. We derive the basic facts about this case from the federal magistrate judge's report and recommendation ("R&R"), which the district court adopted, and the basic facts of which Foote does not dispute:

> In a charging information filed on December 16, 2003, . . . Petitioner was charged with the offenses of Rape in the First Degree, Forcible Oral Sodomy, and Assault and Battery with Intent to Kill. The charges . . . involve a violent sexual assault of a female victim by two men. The victim was taken by the men in a pick-up truck to a remote location in Pottawatomie County where she was raped, beaten, and then thrown over a bridge. The victim survived the attack, although she sustained serious injuries in the approximately 35-foot fall from the bridge, including a broken neck. . . .
>
> [After an initial mistrial], . . . Petitioner was charged with the offenses of Rape in the First Degree, Assault and Battery with Intent to Kill, and Kidnapping. . . . [T]he jury found Petitioner guilty of all three counts and recommended sentences of thirty years, twenty years, and ten years, respectively. Petitioner was sentenced on April 6, 2005, to terms of imprisonment consistent with the jury's recommendation, and the trial court ordered the sentences to run consecutively. New counsel was appointed by the court to represent Petitioner on appeal.

In his direct appeal, Petitioner contended that (1) the admission of statements made by Petitioner to his wife during their marriage violated state law protecting marital communications; (2) the prosecutor's improper reference to flight during the trial deprived Petitioner of a fair trial; (3) prosecutorial misconduct during closing arguments which materially misrepresented the law deprived Petitioner of a fair trial; (4) admission of victim impact evidence to elicit jury sympathy for the victim was highly prejudicial and defense counsel's failure to object to this evidence was ineffective assistance of counsel; and (5) cumulative errors occurring during the trial deprived Petitioner of a fair trial. The State responded in opposition to each of these contentions. In an unpublished summary opinion, the Oklahoma Court of Criminal Appeals ("OCCA") rejected each of Petitioner's claims and affirmed the conviction and sentences.

In a post-conviction application filed *pro se* in the district court in March 2007, Petitioner alleged that the trial court erred in admitting evidence of other crimes; the jury was compromised by receiving external communication from the media and improper contact with a judge, thereby denying Petitioner a fair trial; Petitioner was denied effective assistance of trial counsel; the evidence was insufficient for the jury to have found Petitioner guilty of the charged offenses; and Petitioner was denied effective assistance of appellate counsel based on counsel's failure to assert the foregoing claims. The [state] district court denied the application. The OCCA issued a decision on August 6, 2007, affirming the [state] district court's decision. The OCCA rejected Petitioner's claim of ineffective assistance of appellate counsel on its merits and found that Petitioner had procedurally defaulted the remaining claims due to his failure to raise the claims in his direct appeal and failure to show sufficient cause for the default.

Petitioner, who is represented by counsel, now seeks federal habeas relief with respect to the convictions. . . . In his Petition, Petitioner asserts the following claims for relief. In ground one, Petitioner contends that he was denied effective assistance of trial counsel. In ground two, Petitioner asserts that he was denied effective assistance of appellate counsel. In ground three, Petitioner contends that "evidence violating spousal privilege was admitted." In ground four, Petitioner raises a claim of prosecutorial misconduct during closing arguments in which he asserts the "prosecutor

-3-

materially misrepresented the law." In his fifth ground for habeas relief, Petitioner asserts error in the "introduction of other crimes evidence." . . . In ground six, Petitioner contends he was denied an "impartial jury." . . . In ground seven, Petitioner contends "insufficient evidence" was presented at trial . . . . In his eighth ground, Petitioner asserts that the "jury did not assess punishment."

R&R at 2-5, R. Vol. 2 (citations omitted).

The R&R noted that Foote filed a supplemental brief in support of his petition, in which he purported to adopt several arguments from his direct appeal, as well as all the arguments from his post-conviction application, although he did not address the merits of all of these claims. Additionally, the R&R observed that Foote failed to make "any reference . . . to the Antiterrorism and Effective Death Penalty Act ("AEDPA") and the AEDPA standard governing Petitioner's claims that were addressed and rejected on their merits by the OCCA." Id. at 5. Additionally, "there is no recognition in the Petition or Brief in Support of the Petition that Petitioner's claims asserted in his post-conviction application, other than his claim of ineffective assistance of appellate counsel, were found by the OCCA to have been procedurally defaulted due to Petitioner's failure to assert those claims in his direct appeal. Nor has Petitioner made any effort to tailor the procedurally-defaulted claims in a manner that addresses the requirements of the procedural default doctrine." Id. at 5-6.

Applying the AEDPA standard of review, the magistrate judge rejected all of Foote's arguments, and recommended denial of Foote's petition. Foote filed

-4-

objections to the R&R.  Foote's counsel then filed a motion to withdraw from

representation of Foote, which the district court granted.

The district court subsequently reviewed the R&R, as well as Foote's

objections, according them a liberal construction in view of Foote's *pro se* status.

The court made additional findings regarding "two matters raised by petitioner in

his *pro se* objections."  Order at 2, R. Vol. 2.  The court found as follows:

> Petitioner first argues he had ineffective assistance of appellate
> counsel during his direct appeal because his appellate counsel failed
> to pursue an argument in petitioner's post-conviction appeal based on
> Anderson v. State of Oklahoma, 130 P.3d 273 (2006).[1]  Anderson,
> which was decided in 2006 after petitioner was convicted in March
> of 2005, states that "[a] trial court's failure to instruct on the 85%
> Rule in cases before this decision will not be grounds for reversal."
> Id. at 283.  Thus, Anderson provides that the decision is to be given
> only prospective relief.  Anderson also states that its ruling "does not
> amount to a substantive change in the law."  Id. at 283.

> When ineffective assistance of counsel is alleged, the
> reasonableness of the challenged conduct must be evaluated from
> counsel's perspective at the time of the alleged error.  United States
> v. Blackwell, 127 F.3d 947, 955 (10th Cir. 1997), citations omitted.
> It is not reasonable to expect petitioner's appellate counsel to guess
> that a decision characterized by the issuing court as non-substantive
> and as not providing grounds for reversal, would apply to petitioner's
> appeal.[2]  Moreover, the 85% Rule is based on law specific for

---

[1]Anderson holds that the "85% Rule," which requires a convicted defendant
to serve at least 85% of his sentence within the Department of Corrections, is a
specific and readily understood concept about which the jury should be informed.
Anderson, 130 P.3d at 282.

[2]Petitioner relies on an order in Chandler v. Oklahoma, filed in the Court of
Criminal Appeals on April 15, 2008, a date after his direct appeal was concluded,
for petitioner's position that Anderson can be applied retroactively.  The order in

(continued...)

Oklahoma. Habeas relief under the Antiterrorism and Effective Death Penalty Act allows relief only where the state ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d)(1). Petitioner has not shown an unreasonable application of controlling Supreme Court precedent.

Petitioner's second *pro se* argument is based on James v. State, 152 P.3d 255 (Okla. Crim. App. 2007), decided on January 8, 2007, after the conclusion of petitioner's direct appeal. Petitioner correctly argues that in James, the Court of Criminal Appeals reversed its previously more liberal stance on allowance of evidence of other crimes or bad acts in sexual assault cases, no longer allowing, in certain cases, the "greater latitude" rule previously set out in Myers v. State, 17 P.3d 1026 (Okla. Crim. App. 2000). Petitioner argues that damaging evidence regarding testimony by Dawn Finney, his ex-wife, about statements petitioner made to her during sex play while she role-played as a hitchhiker, should not have been allowed in evidence under James. The statement petitioner argues should have been excluded was Finney's testimony that petitioner told her, during fantasy sex play, that "nobody rides for free." This was damaging evidence, petitioner argues, because the victim of the crimes of which petitioner was convicted testified that something similar was said to her during the criminal acts.[] Such a statement, made during sexual role-playing between consenting adult partners, is not a crime, bad act, or other act so similar to the act charged as to arguably make the statement inadmissible. James is of no help to petitioner.

Id. at 2-3. The court then overruled Foote's objections to the R&R, accepted and adopted the R&R, and denied Foote's habeas petition. The district court granted Foote's request to proceed on appeal *in forma* pauperis, but denied his request for a COA. Foote accordingly requests this court to issue a COA to enable him to appeal the district court's denial of his habeas petition.

---

[2](...continued)
Chandler is limited to "the particular facts of this case." (Order, p.5, attached to petitioner's supplemental filing, doc. no. 29, ex.2).

**DISCUSSION**

"A COA is a jurisdictional pre-requisite to our review." Clark v. Oklahoma, 468 F.3d 711, 713 (10th Cir. 2006). We will issue a COA only if Foote makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, he must establish that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations omitted). Because the district court also dismissed some of Foote's arguments on procedural grounds, Foote must also demonstrate, with respect to those issues, both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist would not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.; see also Clark, 468 F.3d at 713-14.

In his *pro se* appellate brief, Foote appears to focus basically upon the two issues the district court discussed separately in its order adopting the R&R. We agree with the district court that these issues do not warrant the issuance of a

-7-

COA. We have carefully read Foote's submissions, the R&R, the district court's order, and the entire record in this case. For substantially the reasons stated in the R&R, adopted by the district court, and the district court's order, we conclude that Foote has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). We therefore deny his application for a COA and dismiss this appeal.

## CONCLUSION

For the foregoing reasons, the request for a COA is DENIED and this matter is DISMISSED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge