FILED
United States Court of Appeals
Tenth Circuit

June 15, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOSE A. TRUJILLO,

        Petitioner - Appellant,

v.

ERASMO BRAVO, Warden, Guadalup
County Correctional Facility;
ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO,

        Respondents - Appellees.

No. 10-2073

(D. New Mexico)

(D.C. No. CIV-09-00914-JB-LAM)

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**[*]

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this matter. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

_____

[*]This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Jose Trujillo, a state prisoner proceeding *pro se*, seeks a certificate of appealability ("COA") to enable him to appeal the district court's denial of his 28 U.S.C. § 2254 habeas petition. For the following reasons, we deny Mr. Trujillo a COA and dismiss this matter.

**BACKGROUND**

In November 1997, an undercover police officer purchased some cocaine from Mr. Trujillo. This led the Special Weapons and Tactics ("SWAT") team to execute a search warrant on Mr. Trujillo's home on December 21, 1997. After announcing their presence, the SWAT team forcibly entered Mr. Trujillo's house, and one officer stated that he saw Mr. Trujillo point a firearm at him and pull the trigger. When the weapon failed to discharge, the SWAT team members subdued Mr. Trujillo. The officers subsequently discovered that the firearm had been jammed. They found additional firearms, ammunition, illegal drugs, drug paraphernalia, and $3,536.36 in cash in Mr. Trujillo's wallet.

Mr. Trujillo was charged with one count of assault with intent to commit a violent felony on a peace officer by means of a firearm, eight drug-related charges, one count of possession of drug paraphernalia, and two counts of tampering with evidence. After jury voir dire, Mr. Trujillo asked to have the assault charge severed from the other charges because he wanted to testify about the assault charge without having to exercise his Fifth Amendment right to not

testify before the jury on the other charges. Basically, he claims he wanted to argue self-defense on the assault charge on the ground that he mistook the officers for someone trying to kill him. The trial court denied the request to sever the charges.

On September 1, 1999, Mr. Trujillo was convicted of assault, seven drug-related charges, and one count of possession of drug paraphernalia, and he was acquitted of the two evidence-tampering charges and one of the drug charges. He received a sentence of 32 ½ years, to be served consecutively to a sentence he was then serving in a separate case. For some reason not apparent in the record,[1] Mr. Trujillo's sentence in this case was pronounced on September 1, 1999, but was not entered until July 11, 2002. Furthermore, it appears that Mr. Trujillo's trial counsel did not file a timely direct appeal, which was found by a state district court judge to be presumptive ineffective assistance of counsel. As a result, on October 27, 2005, the state court "reinstated" Mr. Trujillo's right to appeal his conviction and appointed him counsel for that appeal.

On February 7, 2007, appellate counsel filed a "Docketing Statement" explaining that no direct appeal had been timely filed following Mr. Trujillo's conviction because trial counsel had passed away before he could file an appeal. When he eventually filed his direct appeal, Mr. Trujillo raised three issues: 1) the

---

[1] Presumably, the delay was caused by the fact that Mr. Trujillo was already incarcerated on another charge when he was sentenced in this case.

trial court erred in denying his motion to sever the assault charge from the other counts; 2) there was insufficient evidence to support his convictions; and 3) the sentencing was "fundamentally flawed." The New Mexico Court of Appeals rejected all three claims on their merits, and the New Mexico Supreme Court denied certiorari.

Mr. Trujillo then filed a habeas petition in state court, arguing that throughout the course of his trial, Mr. Trujillo's counsel was terminally ill and taking medication which rendered him ineffective. The state court conducted an evidentiary hearing on June 19, 2009, and, on July 14, 2009, denied Mr. Trujillo's habeas petition, in part on the ground that Mr. Trujillo "failed to meet his burden to show that [trial counsel] implemented a strategy that was clearly in error to establish ineffective assistance of counsel." Order at 1, R. Vol. 1 at 31. The New Mexico Supreme Court again denied certiorari.

Mr. Trujillo then filed the instant habeas petition, arguing 1) the state trial court erred in failing to sever the assault charge; 2) there was insufficient evidence to support the convictions; 3) his sentencing was "fundamentally flawed"; and 4) his trial counsel was ineffective. He also argues the district court erred by failing to appoint him counsel in this habeas proceeding. Defendants concede that Mr. Trujillo has exhausted his state court remedies, and the record confirms that concession. Applying the deferential review standard of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), the district court denied

Mr. Trujillo's habeas petition.[2] The court also denied a COA. Accordingly, Mr. Trujillo seeks a COA from this court to enable him to appeal the district court's dismissal of his petition with prejudice.

## DISCUSSION

Under AEDPA, a COA is a jurisdictional prerequisite to our review of the dismissal of a § 2254 petition. See 28 U.S.C. § 2253(c)(1)(A); Clark v. Oklahoma, 468 F.3d 711, 713 (10th Cir. 2006). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, Mr. Trujillo must establish that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude [that] the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). Where the district court has rejected a claim on its merits, the "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

---

[2]Actually, the district court referred the matter to a United States Magistrate Judge, who issued a report and recommendation recommending denial of Mr. Trujillo's petition. Mr. Trujillo lodged objections to the magistrate judge's report and recommendation. The district court addressed all of Mr. Trujillo's objections, overruled them, adopted the magistrate judge's recommendation, and dismissed Mr. Trujillo's petition with prejudice.

The district court carefully analyzed Mr. Trujillo's claims, using the deferential AEDPA standard.  We agree completely with its analysis.  Mr. Trujillo has failed to make a showing of the denial of a constitutional right.

## CONCLUSION

Accordingly, for the foregoing reasons, we DENY Mr. Trujillo a COA, AFFIRM the district court's determination not to appoint him counsel in this habeas proceeding, and DISMISS this matter.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge