FILED
United States Court of Appeals
Tenth Circuit

February 25, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MILTON D. GRAYSON,

        Petitioner - Appellant,

v.

TRACY McCOLLUM, Warden,

        Respondent - Appellee.

No. 14-7086
(D.C. No. 6:13-CV-0422-RAW-KEW)
(E.D. Oklahoma)

**ORDER**

Before **GORSUCH**, **McKAY**, and **BACHARACH**, Circuit Judges.

This appeal involves the timeliness of a habeas petition. The petitioner is

Mr. Milton Grayson, who was convicted in state court of first degree rape by force

or fear, first degree burglary, and assault and battery with a dangerous weapon.

Under federal law, a federal habeas petition must ordinarily be filed within one

year of the date that the conviction became final. 28 U.S.C. § 2244(d)(1)(A).[1] Mr.

Grayson waited more than a year to file the habeas petition, and the district court

ordered dismissal based on timeliness. Mr. Grayson seeks to appeal, arguing that

the statute of limitations does not apply because he is actually innocent. To

appeal, Mr. Grayson needs a certificate of appealability. *See Clark v. Oklahoma*,

---

[1] Exceptions exist, but none apply here. *See* 28 U.S.C. § 2244(d)(1)(B)-(D).

468 F.3d 711, 713 (10th Cir. 2006). We decline to issue the certificate and dismiss the appeal.

For a certificate of appealability, Mr. Grayson must show that reasonable jurists could debate the correctness of the district court's ruling on timeliness. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Mr. Grayson fails to make this showing. He does not deny that he waited more than a year to file the habeas petition. Instead, he argues that he is actually innocent of the charges.

Petitioners can avoid the statute of limitations based on presentation of new evidence showing that it is more likely that no reasonable juror would have found guilt. *McQuiggin v. Perkins*, ___ U.S. ___, 133 S. Ct. 1924, 1935 (2013). But, Mr. Grayson did not present the district court with any new evidence of innocence. As a result, the district court concluded that Mr. Grayson had failed to satisfy his burden of proving actual innocence. This conclusion is not reasonably debatable in the absence of new evidence of innocence. As a result, we decline to issue a certificate of appealability and dismiss the appeal.

Entered for the Court


Robert E. Bacharach
Circuit Judge

-2-