**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ROBERT BRIAN WALTON,

    Defendant - Appellant.

No. 16-4060
(D.C. No. 2:13-CR-00654-DN-1)
(D. Utah)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HARTZ**, **MURPHY**, and **PHILLIPS**, Circuit Judges.
_____

At about 5:15 a.m. on November 5, 2012, Salt Lake City police officer Michael Ruff responded to a dispatch call about an unauthorized vehicle parked behind Fellowship Hall, a local building. Officer Ruff and another officer arrived at the location behind Fellowship Hall and found defendant Robert Brian Walton apparently sleeping in the vehicle. The officers asked Walton to exit the vehicle, but he initially refused. Once Walton did exit the vehicle, he gave the officers a false name and claimed to have no identification. Officer Ruff ran the false name through a

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

police database and found nothing. After Walton again gave the officers a false name, Ruff went into Fellowship Hall to speak to the person who had complained about the vehicle. That person told Ruff that no one by that name was in Fellowship Hall's membership database and that he did not recognize Walton.

Officer Ruff put Walton in handcuffs. Walton then gave Officer Ruff his real name. When Officer Ruff ran Walton's name through the database, he found that Walton had an outstanding felony warrant. Officer Ruff arrested Walton for trespassing and on the warrant. Officer Ruff then checked Walton's license plate against a database and discovered that it did not belong to Walton's vehicle and that the vehicle the license plate did belong to was not registered or insured. During the arrest, Walton asked Officer Ruff to contact certain people who Walton said lived nearby to pick up the vehicle. Officer Ruff instead impounded the car. During a later inventory search, the Salt Lake Police Department found a gun and marijuana.

On September 25, 2013, Walton was indicted on one count of felon in possession of a firearm under 18 U.S.C. § 922(g)(1) and one count of possession of marijuana under 21 U.S.C. § 844(a). Walton moved to suppress the evidence of the firearm and marijuana found in the vehicle on the grounds that officers found that evidence after Officer Ruff unlawfully impounded Walton's car. The Motion to Suppress was denied. Walton pleaded guilty to the firearm charge, and the government dismissed the marijuana charge. The district court sentenced Walton to six months in prison and thirty-six months of supervised release, and it imposed a

$100 fine. Walton appealed the conviction but later voluntarily dismissed his direct appeal.

Walton's § 2255 motion alleges that his trial counsel, Adam Bridge, was constitutionally ineffective for failing to acquire and present evidence in support of Walton's Motion to Suppress. Walton alleges that Bridge should have acquired the affidavit of R. Franklin Moyle for the hearing. The affidavit asserts that Moyle told the police that they could leave Walton's vehicle there and that Moyle or Walton's other acquaintances would retrieve it. The district court denied Walton's motion on both deficient-performance and prejudice grounds.

The district court did not issue a certificate of appealability (COA). "A COA is a jurisdictional pre-requisite to our review." *Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Ineffective-assistance-of-counsel claims are analyzed under the *Strickland* standard. First, the defendant must show that his counsel's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). This standard is extremely deferential and employs a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Second, the defendant must show that his counsel's deficient performance prejudiced his defense. *Id.* at 692. In other words, the defendant must show that there is a reasonable probability that, but for his counsel's deficient

3

performance, the result of the proceeding would have been different. *Id.* at 694. We may dispose of a claim for ineffective assistance of counsel on either part of the *Strickland* standard as a failure of either component is fatal to the claim. *United States v. Orange*, 447 F.3d 792, 796–97 (10th Cir. 2006).

Walton's claim fails because his trial counsel's performance was not constitutionally deficient. In the Motion to Suppress, attorney Bridge notes that "Walton asked Officer Ruff not to impound the vehicle and said he had friends and family nearby who could take possession of the vehicle and its contents," R. vol. 1 at 181–82, and that "Walton had a friend five minutes away who could've taken possession of his vehicle and his property[;] Walton could've easily provided for the speedy and efficient removal of his vehicle, rendering an impoundment unnecessary and unreasonable." *id.* at 11. Additionally, in Walton's Reply to the government's Response in Opposition to the Motion to Suppress, Bridge notes that "Walton had friends and family nearby who were willing to take possession of his vehicles and other property. If the vehicle was indeed unroadworthy, as the government claims, Walton's friends were willing to have it towed away from Fellowship Hall." *Id.* at 211.

While Bridge did not mention Moyle by name in the Motion to Suppress, he raised all of the basic facts that are asserted in Moyle's affidavit. Providing the affidavit would not have added any facts to those that Bridge relayed. Thus, Bridge

4

did not provide constitutionally deficient counsel and we deny Walton's request for a COA.

Entered for the Court


Gregory A. Phillips
Circuit Judge