**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 21, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PATRICK SALVADOR,

Defendant - Appellant.

No. 17-1081
(D.C. Nos. 1:16-CV-01538-LTB and
1:06-CR-00032-LTB-1)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HARTZ**, **HOLMES**, and **BACHARACH**, Circuit Judges.

In 2006, Mr. Patrick Salvador pleaded guilty to two counts of using a firearm during and in relation to a crime of violence pursuant to 18 U.S.C. §§ 2 & 924(c), for which he was sentenced to 420 months' imprisonment. The predicate crime of violence was armed bank robbery, 18 U.S.C. § 2113(a), (d). On June 20, 2016, Mr. Salvador filed a motion under 28 U.S.C. § 2255 to vacate his sentence on the ground that the Supreme Court's decision in *Johnson v. United States*, --- U.S. ----, 135 S. Ct. 2551 (2015), which invalidated as unconstitutionally vague the residual clause in the Armed Career Criminal Act (ACCA), 18 U.S.C.

---

[*] This Order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

§ 924(e)(2)(B)(ii),[1] necessarily invalidated the similarly-worded risk-of-force

residual clause in 18 U.S.C. § 924(c)(3)(B)[2] that had been applied to him.

---

[1]     Section 924(e)(2)(B) of the ACCA states:

the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another [i.e., the elements clause] or

(ii) is burglary, arson, extortion, involves use of explosives, [i.e., the enumerated-offense clause] *or otherwise involves conduct that presents a serious potential risk of physical injury to another* [i.e., the residual clause].

18 U.S.C. § 924(e)(2)(B) (emphasis added).

[2]     Section 924(c)(3) states:

For purposes of this subsection the term "crime of violence" means an offense that is a felony and an offense that is a felony and—

(A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) *that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense* [i.e., the risk-of-force residual clause].

(continued...)

2

The district court denied Mr. Salvador's § 2255 motion on two grounds. It determined that the motion was untimely, and concluded in the alternative that armed robbery is a crime of violence under § 924(c)(3), even if the risk-of-force residual clause of that statute is invalid under *Johnson*. R. at 104 (Order, dated Jan. 26, 2017). Mr. Salvador now seeks a Certificate of Appealability (COA) to challenge this decision. However, because no reasonable jurists would debate the correctness of the district court's determination that Mr. Salvador's motion is untimely, we **deny** Mr. Salvador's request for a COA.

## I

A prisoner challenging a denial of a § 2255 motion must obtain a COA to proceed with an appeal. 28 U.S.C. § 2253(c)(1)(B); *see also Clark v. Okla.*, 468 F.3d 711, 713 (10th Cir. 2016) ("A COA is a jurisdictional prerequisite to our review."). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a district court denies a petition on procedural grounds—such as untimeliness—a prisoner must satisfy a two-part standard: he must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S.

---

²(...continued)
18 U.S.C. § 924(c)(3) (emphasis added).

473, 484 (2000) (emphasis added).

II

Mr. Salvador contends that the district court incorrectly determined that his motion is time-barred. Mr. Salvador would ordinarily have one year to file his § 2255 motion from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Because that date has long since passed, Mr. Salvador relies on § 2255(f)(3), under which the one-year period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

Mr. Salvador says that he asserts the right that *Johnson* newly recognized, and that the Supreme Court subsequently determined that *Johnson*'s right should be applied retroactively to cases on collateral review. *See Welch v. United States*, --- U.S. ----, 136 S. Ct. 1257 (2016). Specifically, Mr. Grant contends that the "right" that § 2255(f)(3) contemplates is "not limited to a particular statute or particular language"; rather, "it encompasses broad principles that can be applied to different statutes and different language." Aplt.'s Opening Br. at 6. Thus, Mr. Salvador reasons that "his § 2255 motion is timely under § 2255(f)(3)"—even though a different statute (i.e., § 924(c)) and different language was at issue in his case than in *Johnson*—because he properly asserts the general principle (i.e., the right) that *Johnson* establishes, "namely that the abstract inquiry demanded by the

4

residual clause is unconstitutionally vague," and he filed his motion within the one-year period after *Johnson* was decided. *Id.*

However, we recently rejected precisely such reasoning in *United States v. Greer*, and no reasonable jurist could deem Mr. Salvador's § 2255 motion timely in *Greer*'s wake. *United States v. Greer*, --- F.3d ----, No. 16-1282, 2018 WL 721675, at *5 (10th Cir. Feb. 6, 2018). *Greer* makes clear that "the only right recognized by the Supreme Court in *Johnson* was a defendant's right not to have his sentence increased *under the residual clause of the ACCA*." *Id.* (emphasis added). That is, a defendant cannot invoke *Johnson* to proceed under § 2255(f)(3) unless the defendant is challenging on vagueness grounds the ACCA's residual clause. *Id.* (holding time-barred a motion challenging the residual clause of the mandatory Sentencing Guidelines). This principle is controlling, even if we assume *arguendo* that "there is no meaningful distinction between the ACCA's residual clause and the risk of force [residual] clause in § 924(c)(3)(B)." *United States v. Autobee*, 701 F. App'x. 710, 713 (10th Cir. 2017) (unpublished) (denying, on timeliness grounds, a COA to a defendant asserting essentially the same claim as Mr. Salvador). In light of *Greer*, no reasonable jurist could debate the propriety of the district court's determination that Mr. Salvador's motion was untimely because "*Johnson* did not recognize the right that Mr. Salvador asserts in his § 2255 motion." R. at 106.

### III

For the foregoing reasons, we **DENY** Mr. Salvador's request for a COA and dismiss the matter.

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge