**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 19, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

JIMMIE LEE LOVELL,

    Petitioner - Appellant,

v.

JACK THORPE,

    Respondent - Appellee.

No. 20-7051
(D.C. No. 6:19-CV-00024-RAW-KEW)
(E.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HOLMES**, **MATHESON**, and **PHILLIPS**, Circuit Judges.[**]
_____

    Jimmie Lee Lovell, an Oklahoma state prisoner, seeks a certificate of appealability ("COA") to challenge the district court's dismissal of his habeas petition under 28 U.S.C. § 2254. Exercising jurisdiction under 28 U.S.C. § 1291, we deny his request for a COA.

---

    [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

    [**] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

# I.  BACKGROUND

In 2014, Lovell struck a roadway median while riding his motorcycle, ejecting his passenger and killing her on impact. At trial, several first responders testified that Lovell smelled of alcohol and that he had admitted having consumed alcohol that evening. Paramedics transported Lovell to the hospital where a nurse took a sample of Lovell's blood. Later analysis revealed that his blood-alcohol concentration was 0.114. An Oklahoma jury convicted Lovell on one count of first-degree manslaughter and one count of driving under the influence of alcohol.[1] As a result of his conviction, Lovell is currently serving a four-year house arrest sentence.

After his sentencing, Lovell filed a direct appeal claiming (1) that the results of his blood-alcohol test should have been suppressed before trial and (2) that his manslaughter conviction should be vacated. The Oklahoma Court of Criminal Appeals denied relief on both claims. As to the suppression argument, the court noted that the state had retained Lovell's blood sample for the time required by Oklahoma law, but that Lovell made no request for independent testing within the statutory timeframe. As to his second argument, the court determined that Lovell had failed to show an inconsistent verdict, despite the jury's convicting Lovell of first-degree manslaughter but acquitting him of the lesser-included negligent-homicide offense. The court also concluded that the record provided sufficient evidence to sustain the manslaughter conviction. Lovell then petitioned the federal district court for habeas

---

[1] Lovell was acquitted of two charges: a lesser-included negligent-homicide charge and a speeding charge.

relief. In a thorough order, the district court explored and properly rejected Lovell's habeas claims. In addition, the court later denied Lovell's motion for rehearing, which it construed as a Rule 59(e) motion.

## II.  DISCUSSION

We lack jurisdiction to consider Lovell's appeal unless a COA is issued. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *see also* 28 U.S.C. § 2253(c)(1). Though Lovell's notice of appeal didn't request a COA, we will treat it as an application for a COA. *See Slack v. McDaniel*, 529 U.S. 473, 483 (2000) (citations omitted).

To obtain a COA, "a habeas prisoner must make a substantial showing of the denial of a constitutional right," by demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* at 483–84 (citation omitted); *see also* 28 U.S.C. § 2253(c)(2). This requires that we undertake a "preliminary, though not definitive, consideration of the [legal] framework" of each of Lovell's claims. *Miller-El*, 537 U.S. at 338 (citations omitted). And though the petitioner needn't "convince a judge . . . that he or she would prevail," a prisoner seeking a COA must prove "something more than the absence of frivolity or the existence of mere good faith." *Id.* at 337–38 (internal quotation marks and citation omitted).

Because the district court rejected Lovell's claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's

assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484.

And "[w]e review the district court's factual findings for clear error and its legal

conclusions *de novo*." *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006)

(citation omitted).

## A.    Blood-Alcohol Test

Under his first claim for habeas relief, Lovell argues that his blood-alcohol test

results should have been suppressed on grounds that he wasn't given a fair

opportunity to independently test the sample before it was destroyed. Admitting his

test into evidence, he contends, undermines Oklahoma's legislative intent. But this

argument relies primarily on the application of Oklahoma state statutory law and

"[f]ederal habeas review is not available to correct state law evidentiary errors."

*Hooks v. Workman*, 689 F.3d 1148, 1180 (10th Cir. 2012) (alteration in original)

(citation omitted). "In conducting habeas review, a federal court is limited to

deciding whether a conviction violated the Constitution, laws, or treaties of the

United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) (footnote and citations

omitted). Nonetheless, Lovell could be entitled to relief if the alleged state-law error

was "so grossly prejudicial that it fatally infected the trial and denied the

fundamental fairness that is the essence of due process." *Hooks*, 689 F.3d at 1180

(citation omitted).

But the district court rejected his claim, ruling that Lovell "failed to

demonstrate the existence of a state-law error, much less a 'grossly prejudicial' one."

R. vol. 1 at 174 (quoting *Hooks*, 689 F.3d at 1180). Oklahoma law requires that blood

tested for alcohol concentration be retained for sixty days after collection "to enable the tested person, at his or her own option and expense, to have an independent analysis made of such specimen." Okla. Stat. tit. 47, § 752(E) (2019). Yet Lovell made no such request until after the sixty days had expired and the sample had been destroyed.

In response, Lovell claims that he doesn't remember his blood being taken, so he didn't know to test the sample until he was charged with the instant offense—over a month after the sample was destroyed. But the court of criminal appeals determined that the record didn't support Lovell's claims, and we presume a state court's factual determination is correct. 28 U.S.C. § 2254(e)(1). Lovell hasn't presented sufficient evidence to overcome this presumption.

In any event, he has no constitutional right to the preservation of blood samples. *See California v. Trombetta*, 467 U.S. 479, 491 (1984) ("[T]he Due Process Clause of the Fourteenth Amendment does not require that law enforcement agencies preserve breath samples in order to introduce the results of breath-analysis tests at trial." (footnote omitted)); *see also Arizona v. Youngblood*, 488 U.S. 51, 58 (1988) ("We therefore hold that unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law."). Thus, no reasonable jurist could debate that the district court should have resolved this claim differently.

**B.     Manslaughter Conviction**

Lovell fares no better with his second claim for habeas relief. He argues that his first-degree manslaughter conviction should be vacated for two reasons: (1) the jury acquitted him of the lesser-included offense of negligent homicide, and (2) insufficient evidence supported a manslaughter conviction.

According to Lovell, acquittal of the lesser-included negligent-homicide offense should have required the court to vacate his manslaughter conviction. "There are sound reasons, however, not to concern ourselves with the consistency of jury verdicts in criminal cases." *United States v. Espinoza*, 338 F.3d 1140, 1147 (10th Cir. 2003). Though we can speculate why the jury found Lovell guilty of first-degree manslaughter and acquitted him of negligent homicide, we can't infer from the jury's acquittal the basis of its conviction. *See id.* at 1148. In instances of truly inconsistent verdicts, "[t]he most that can be said . . . is that the verdict shows that either in the acquittal or the conviction the jury did not speak their real conclusions, *but that does not show that they were not convinced of the defendant's guilt.*" *United States v. Powell*, 469 U.S. 57, 63 (1984) (emphasis added) (citation omitted).

What's more, as the district court noted, "[t]here is no federal constitutional right to a consistent verdict, as long as sufficient evidence supports a conviction." R. vol. 1 at 177 (citing *Powell*, 469 U.S. at 65–67). Here, Lovell was protected from any potential jury error by the state's and the district court's independent review of the sufficiency of the evidence. *Powell*, 469 U.S. at 67. Such a review requires asking "whether, after viewing the evidence in the light most favorable to the prosecution,

6

*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (citation omitted). Both the court of criminal appeals and the district court determined that the evidence in the record satisfied the *Jackson* standard. We agree.

Under Oklahoma law, the elements of a first-degree manslaughter conviction include: (1) the death of a human; (2) caused by defendant; (3) while engaged in the commission of a misdemeanor—here, driving a motor vehicle with a blood or breath alcohol concentration of 0.08 or more. *See* Okla. Stat. 21, § 711(1) (2021); *see also id.* 47, § 11-902(A)(1) (2020). As explained by the criminal court of appeals, "the evidence proved beyond a reasonable doubt Appellant drove his motorcycle at approximately 84 mph while intoxicated, leaving the roadway for no external reasons, *i.e.*, weather or other traffic, thus causing the death of his passenger." R. vol. 1 at 148. A reasonable juror could find that these facts plausibly moved Lovell's conduct beyond mere negligence and into the realm of first-degree manslaughter. Lovell's assertions otherwise don't suffice to overcome the *Jackson* standard, which "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. In our view, no jurist could reasonably debate the sufficiency of evidence regarding Lovell's guilt.

7

## III.   CONCLUSION

Accordingly, we deny Lovell's request for a COA and dismiss his appeal.

Entered for the Court

Gregory A. Phillips
Circuit Judge