**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 19, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

LARON ANTONIO DONALD,

Petitioner - Appellant,

v.

SEAN PRUITT, Warden; COLORADO
ATTORNEY GENERAL,

Respondents - Appellees.

No. 20-1435
(D.C. No. 1:20-CV-01326-LTB-GPG)
(D. Colo.)

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **HOLMES**, **MATHESON**, and **PHILLIPS**, Circuit Judges.

Laron Antonio Donald, an inmate proceeding pro se,[1] seeks a certificate of

appealability (COA) to challenge the district court's dismissal of his 28 U.S.C.

§ 2254 petition. We deny Donald a COA.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We construe a pro se appellant's complaint liberally. *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002) (citation omitted). But we won't serve as his advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## BACKGROUND

On December 5, 2014, a jury in El Paso County District Court convicted Donald on "numerous charges based on an incident in which he kidnapped, beat, and repeatedly raped his girlfriend, the victim." R. at 182 (citation omitted). Donald appealed his conviction, and on December 7, 2017, the Colorado Court of Appeals affirmed the judgment of conviction in part, vacated it in part, and remanded it in part. Specifically, the court rejected Donald's first three challenges: (1) denial of a fair trial, (2) prosecutorial misconduct, and (3) cumulative error. But it reversed on the fourth challenge of merger, ruling that the trial court had violated Donald's constitutional right to be free from double jeopardy. It concluded that the trial court had erred in imposing five sexual-assault convictions based on two acts and two kidnapping convictions based on one act. The Colorado Court of Appeals then remanded for correction of the judgment of conviction to reflect the counts that should have been merged (what it called "correction of the mittimus").[2] R. at 165. On September 17, 2018, the Colorado Supreme Court denied Donald's Petition for Writ of Certiorari on his direct appeal.

In December 2018, Donald filed in the state trial court a motion to issue a new mittimus. The following month, he filed a motion for sentence reconsideration under Colo. R. Crim. P. 35(b). On January 31, 2019, the trial court issued two orders—one issuing a new mittimus and the other denying in part the Rule 35(b) motion. Donald

---

[2] According to Black's Law Dictionary, a "mittimus" is "[a] court order or warrant directing a jailer to detain a person until ordered otherwise." *Mittimus*, *Black's Law Dictionary* (11th ed. 2019). We use "mittimus" in relation to Donald's post-conviction sentence correction consistent with the state court proceedings.

appealed neither of these orders. Instead, two weeks later, he filed in the trial court a motion to reconsider the denial of his Rule 35(b) motion. The trial court denied this motion on March 8, 2019.

On May 11, 2020, Donald filed a federal petition for writ of habeas corpus under 28 U.S.C. § 2254 in the District of Colorado. Shortly after, he filed an amended petition. In it, he asserted that his federal constitutional rights had been infringed in four ways: (1) the trial court's disallowing him from responding to a juror's question violated his rights to a fair trial and to present evidence in his defense; (2) prosecutorial misconduct during closing argument violated his right to a fair trial; (3) the cumulative effect of the errors in claims one and two violated his rights generally; and (4) his convictions on four counts of sexual assault based on two acts violated his right to be free from double jeopardy.

Subsequently, the magistrate judge ordered Respondents to file a pre-answer response addressing two affirmative defenses: (1) whether Donald's § 2254 habeas petition was timely under 28 U.S.C. § 2244(d), including whether Donald's diligence justified equitable tolling; and (2) whether Donald had exhausted his claims in state court as required under 28 U.S.C. § 2254(b)(1)(A). The magistrate judge also instructed Respondents to notify the court if they were not intending to raise these affirmative defenses.

Respondents filed a combined pre-answer response, with relevant state-court exhibits attached. In it, they conceded that Donald had exhausted his state-court remedies. Relevant to this appeal, they argued that the § 2254 petition was barred by the

3

one-year limitation period contained in 28 U.S.C. § 2244(d), enacted under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104–132, 110 Stat. 1214. In support, they explained that the limitations period ran from the date Donald's state conviction became final but was tolled during properly filed state post-conviction or collateral-review proceedings. They argued that Donald's conviction had become final for AEDPA purposes on December 17, 2018, which was the ninetieth day after the Colorado Supreme Court's denial of Donald's petition for certiorari and the last day on which Donald could have sought certiorari in the United States Supreme Court. After that date, they argued, the statute of limitations ran for 37 days before it was tolled from January 24, 2019 through March 21, 2019 for Donald's post-conviction proceeding. And after that, they argued, his limitations period ran unabated for 327 days and expired on February 11, 2020—rendering his § 2254 petition filed on May 11, 2020 untimely.

On October 9, 2020, the magistrate judge recommended that Donald's amended § 2254 petition be dismissed as untimely. But in his recommendation, he applied a more generous timeline to Donald's petition than had Respondents. Rather than counting the 37 days between January 24, 2019 and March 21, 2019 against Donald's limitation period, the magistrate judge concluded that the limitations period had not commenced until the period to appeal Donald's amended mittimus had expired. He found that Donald's conviction had become final on March 21, 2019, the last date on which Donald could appeal the entry of his amended mittimus to the Colorado Court of Appeals.

The magistrate judge then addressed two issues related to AEDPA's one-year limitation period. First, he assessed Donald's two reconsideration motions and noted that

4

Donald had filed his original Rule 35(b) motion *before* the trial court issued the amended mittimus. So the time in which that motion had been pending did not count against Donald's limitations period because his judgment had not yet become final. Relatedly, he considered whether Donald's second motion for reconsideration (filed two weeks after the district court issued the amended mittimus) tolled the limitations period. Though the magistrate judge was unconvinced that this motion tolled the limitation period under § 2244(d), he assumed that it did and determined that the last date to appeal the denial of that motion was on April 26, 2019. Because Donald had not filed his federal habeas petition until May 11, 2020 (more than 365 days later), his application was untimely.

Second, the magistrate judge assessed equitable tolling. He rejected Donald's argument that equitable tolling applied because COVID-19 had made the law library less accessible. The magistrate judge found that Donald had failed to allege with any specificity what steps he had taken to pursue his claim diligently *before* the COVID-19 restrictions went into place and how, despite them, he had still been able to file his original pleading in May 2020 and his Pre-Answer Response in September 2020. So the magistrate judge ruled that Donald's untimely petition did not warrant equitable tolling.

Donald then filed objections to the magistrate judge's recommendation, arguing that he had timely filed his petition and, alternatively, that he was entitled to equitable tolling. Nevertheless, the district court issued an order adopting the magistrate judge's recommendation, denying Donald's petition for habeas corpus, declining to issue a COA, and denying without prejudice leave for Donald to proceed in forma pauperis on appeal. Donald asks us to grant him a COA. For the following reasons, we deny his request.

## DISCUSSION

### I. Legal Standards

Before Donald's appeal may proceed, he must obtain a COA. *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). To do so, he must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the district court has rejected the petitioner's habeas application on procedural grounds, the petitioner must show (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. "Each component of [this] showing is part of a threshold inquiry." *Id*. at 485. Thus, if a petitioner cannot make a showing on the procedural issue, we need not address the constitutional component. *See id*.

AEDPA provides a one-year limitation period for habeas petitions filed by persons in custody under the authority of a state-court judgment. 28 U.S.C. § 2244(d)(1). That limitation period generally runs from the date the state-court judgment becomes final by conclusion of direct review or from the date when the time to seek such review expires. *Id.* § 2244(d)(1)(A). But the time during which a proper state petition for post-conviction relief or other collateral review is pending does not count against AEDPA's limitation period. *Id.* § 2244(d)(2); *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (noting

6

that "state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations." (citation omitted)).

Equitable tolling may provide relief from AEDPA's one-year limitation period. *Holland v. Florida*, 560 U.S. 631, 634 (2010). A petitioner is entitled to equitable tolling if he can show (1) that he has diligently pursued his rights, and (2) that extraordinary circumstances blocked him from timely filing. *Id.* at 649 (citation omitted).

## II.     Analysis

Having reviewed the record and Donald's arguments, for three reasons we conclude that the district court was correct to invoke AEDPA's one-year statute of limitations to deny a COA.

First, as the district court concluded, Donald's state-court judgment became final no later than April 26, 2019, the last date on which Donald could have appealed the trial court's March 8, 2019 denial of his second reconsideration motion. And it wasn't until May 11, 2020—more than a year later—that Donald filed his § 2254 petition in federal court.

Second, Donald is not entitled to equitable tolling based on his allegedly limited access to the law library in the wake of COVID-19. The district court correctly concluded that Donald hasn't shown that he was pursuing his rights diligently throughout the one-year window, including before the COVID-19 restrictions went into place. *See, e.g.*, *United States v. Barnes*, No. 18-CR-0154-CVE, 2020 WL 4550389, at *2 (N.D. Okla. Aug. 6, 2020) ("Even assuming that a lockdown due to the COVID-19 pandemic delayed defendant's ability to file his motion, it does not explain the more than one-year delay.

7

COVID-19 measures have been in effect since March 2020, and defendant could have filed his motion long before March 2020."), *certificate of appealability denied*, 831 F. App'x 425 (10th Cir. 2020) (unpublished); *United States v. Henry*, No. 2:17-CR-00180, 2020 WL 7332657, at *4 (W.D. Pa. Dec. 14, 2020) ("The bottom line is that the COVID-19 pandemic does not automatically warrant equitable tolling for any petitioner who seeks it on that basis. The petitioner must establish that he was pursuing his rights diligently *and* that the COVID-19 pandemic specifically prevented him from filing his motion." (citation omitted)), *appeal docketed*, No. 21-1285 (3d Cir. Feb. 18, 2021); *Howard v. United States*, No. 4:20-CV-1632 JAR, 2021 WL 409841, at *2 (E.D. Mo. Feb. 5, 2021) (rejecting that COVID-19 pandemic prevented movant from fully presenting his case because "movant makes no effort to demonstrate that he has been diligently pursuing his rights" and "does not claim to have taken any action to pursue his rights" (citations omitted)), *appeal docketed*, No. 21-1592 (8th Cir. Mar. 15, 2021).

Third, though Donald now argues that COVID restrictions prevented him from meeting with another inmate for help in preparing and filing his legal documents, prisoners do not have "an abstract, freestanding right to a law library or legal assistance." *Garcia v. Hatch*, 343 F. App'x 316, 318 (10th Cir. 2009) (unpublished) (quoting *Lewis v. Casey*, 518 U.S. 343, 351 (1996)). Donald has not explained why he was not diligent for the nine months before COVID restrictions were implemented. Therefore, Donald hasn't made the requisite showing that he is due an exception to the statutory bar.

8

In sum, no reasonable jurist could conclude that the district court erred in dismissing the petition. *See Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude . . . that the district court erred in dismissing the petition.").

**CONCLUSION**

We deny Donald a COA and deny his petition to proceed in forma pauperis because he has not presented a reasoned non-frivolous argument for appeal.

Entered for the Court


Gregory A. Phillips
Circuit Judge