**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 3, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DANNY R. CAMPBELL,

    Petitioner - Appellant,

v.

CARL BEAR,

    Respondent - Appellee.

Nos. 17-6090, 17-6091, 17-6092,
17-6093 & 17-6094
(D.C. Nos. 5:17-CV-00211-R,
5:17-CV-00217-R, 5:17-CV-00216-R,
5:17-CV-00219-R & 5:17-CV-00218-R)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BRISCOE**, **LUCERO**, and **PHILLIPS**, Circuit Judges.
_____

Danny R. Campbell, an Oklahoma state prisoner appearing pro se, seeks a

certificate of appealability (COA) to appeal the district court's orders dismissing his

habeas petitions as unauthorized second or successive 28 U.S.C. § 2254 petitions. We

deny a COA and dismiss this matter.

**Background**

Campbell was convicted in 1979 in Oklahoma state court of first-degree murder

and sentenced to life imprisonment. His conviction and sentence were affirmed on direct

appeal. Since that time, Campbell has filed numerous § 2254 petitions in district court

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

without success.  Most recently, Campbell filed the five petitions that were dismissed by the court for lack of jurisdiction because they were second or successive and filed without authorization.[1]

A magistrate judge issued reports and recommendations to dismiss the petitions. Campbell filed a timely objection.[2]  Following de novo review, the district court adopted the magistrate judge's reports and recommendations.  Although the magistrate judge noted that Campbell's filings were, for the most part, unintelligible he was able to determine that the petitions were second or successive.  The district court noted the same deficiencies in Campbell's objection, which rendered it nearly impossible to construe. Nonetheless, the court agreed with the magistrate judge and his reports and recommendations that the petitions were unauthorized second or successive § 2254 petitions over which the court lacked jurisdiction.  Campbell now seeks a COA to appeal from the court's orders.[3]

## Analysis

"A district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim until this court has granted the required authorization." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam); *see also* 28 U.S.C.

---

[1] Campbell filed five habeas petitions.  The district court entered identical order in the five cases.

[2] Campbell filed a single objection to the reports and recommendations issued in each of the five cases.

[3] Campbell has filed a single application for a certificate of appealability for all five cases.

§ 2244(b)(3)(A) ("Before a second or successive [§ 2254] application . . . is filed in the district court, the applicant shall move in the appropriate court appeals for an order authorizing the district court to consider the application.").

To appeal, Campbell must obtain a COA. *See* 28 U.S.C. § 2253(c)(1)(A). Where, as here, a district court has dismissed the filings on procedural grounds—Campbell's failure to obtain authorization from this court to file a second or successive habeas petition—to obtain a COA he must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Because Campbell appears pro se, we liberally construe his application liberally. *Clark v. Oklahoma*, 468 F.3d 711, 713, n.1 (10th Cir. 2006). After a careful review of Campbell's application for a certificate of appealability, we conclude that jurists of reason would not find it debatable that the court's procedural ruling was correct.

Campbell's motion for leave to proceed on appeal without prepayment of costs or fees is granted. But only prepayment of fees is waived, not the fees themselves. *See* 28 U.S.C. § 1915(a)(1), (b). A COA is denied and this matter is dismissed.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

3