FILED
United States Court of Appeals
Tenth Circuit

October 12, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

DANIEL DEWILD,

     Petitioner - Appellant,

v.

RICK RAEMISCH, Colorado Department
of Corrections; THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

     Respondents - Appellees.

No. 18-1287
(D.C. No. 1:17-CV-02829-LTB)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY[*]**
_____

Before **BRISCOE**, **HOLMES**, and **MATHESON**, Circuit Judges.
_____

Daniel DeWild, a Colorado state prisoner appearing pro se, seeks a certificate

of appealability ("COA") to challenge the district court's dismissal of his 28 U.S.C.

§ 2254 application for a writ of habeas corpus as untimely filed. _See_ 28 U.S.C.

§ 2253(c)(1)(A) (requiring a COA to appeal "the final order in a habeas corpus

proceeding in which the detention complained of arises out of process issued by a

---

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

State court"). He also seeks leave to proceed *in forma pauperis*. Exercising

jurisdiction under 28 U.S.C. § 1291, we deny both requests and dismiss this matter.[1]

## I. BACKGROUND

Mr. DeWild was tried for first-degree murder and conspiracy to commit first-

degree murder. ROA at 103. He requested a jury instruction on the lesser non-included

offense of accessory to first-degree murder. The jury convicted him on the conspiracy

and accessory offenses and deadlocked on first-degree murder. *Id.* at 104. The trial court

declared a mistrial on that charge and ordered a retrial. *Id.* Before the retrial date, Mr.

DeWild pled guilty to second-degree murder and waived his right to challenge the

conspiracy conviction. *Id.* at 168. He was sentenced to 74 years in prison. *Id.* at 90. Mr.

DeWild did not attempt to file a direct appeal, but he sought post-conviction relief under

Colo. R. Crim. P. 35(a) & (c), which the state district court denied. *Id.* at 89. The

Colorado Court of Appeals affirmed, *id.* at 166-79, and the Colorado Supreme Court

denied certiorari, *id.* at 88.

On November 24, 2017, Mr. DeWild filed his application for federal habeas relief

under 28 U.S.C. § 2254. *Id.* at 4. The federal district court dismissed his application as

time-barred under 28 U.S.C. § 2244(d) because his convictions became final on April 18,

2013, and the one-year statute of limitations under § 2244(d)(1) had expired in April

2014. *Id.* at 237-38. The court also relied on three additional points.

---

[1] Because Mr. DeWild is pro se, we liberally construe his filings but do not act as his advocate. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

First, the district court said that Mr. DeWild was not entitled to statutory tolling under § 2244(d)(2) for the time his state post-conviction motion was pending because he filed it after the one-year period to file his federal habeas petition had already run.  *Id.* at 237-38; *see Clark v. Okla.*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations.").

Second, the district court rejected Mr. DeWild's argument that he should benefit from § 2244(d)(1)(D), which triggers the limitation period from the date "on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  Mr. DeWild argued that he discovered the basis for his claims when he received copies of the jury instructions and verdict forms from his trial on March 25, 2015, shortly before he filed his state post-conviction motion.  The district court pointed out, however, that Mr. DeWild was aware of the jury instructions and verdicts when his trial concluded on November 19, 2012.  ROA at 103, 238.

Third, the district court rejected Mr. DeWild's argument that the one-year limitations period should be equitably tolled based on actual innocence because he did not present evidence to support this claim and instead presented legal, not factual, challenges to his convictions.  *Id.* at 239-41.

## II.  DISCUSSION

We must grant a COA to consider Mr. DeWild's appeal from the district court's denial of his § 2254 application.  28 U.S.C. § 2253(c)(1)(A); *see Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003).  Where, as here, the district court

3

dismissed the application on procedural grounds, we will grant a COA only if the applicant can demonstrate both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). We start and end our discussion with the second ground concerning the district court's procedural ruling. *See id.* at 485 (We may "resolve the issue whose answer is more apparent from the record and arguments.").

In his brief to this court, Mr. DeWild does not contest that he filed his § 2254 application beyond the statutory time limit in § 2244(d). He does not mention actual innocence or equitable tolling. He makes two arguments about whether the district court erred in holding that his request for federal habeas relief is time-barred.

First, Mr. DeWild argues that the § 2244(d) time bar should not apply because he previously presented his claims to "every level" of the Colorado state courts. Aplt. Br. at 2-5, 11-13. But assuming that is so, exhaustion of his claims in the state courts, which 28 U.S.C. § 2254(b)(1)(A) requires him to do to obtain federal habeas relief, does not excuse him from filing a timely § 2254 application in federal court. Nothing in § 2244(d), which prescribes the one-year deadline, suggests otherwise.

Second, Mr. DeWild contends the one-year time limit should not apply because the state courts did not address his due process claim on the merits. Aplt. Br. at 8-11. But again, assuming that is so, this means the federal district court would need to consider the claim using a de novo standard of review rather than the highly

deferential standard of review set forth in 28 U.S.C. § 2254(d)(1)-(2). *See Cole v. Trammell*, 755 F.3d 1142, 1148 (10th Cir. 2014) ("If a claim was not resolved by the state courts on the merits and is not otherwise procedurally barred, . . . § 2254(d) . . . do[es] not apply . . . , [and] we review the [federal] district court's legal conclusions de novo and its factual findings, if any, for clear error."). This consequence, however, does not mean the district court should ignore that his § 2254 application was untimely under § 2244(d).

Mr. DeWild devotes the rest of his brief to addressing the merits of his due process, ineffective assistance of counsel, falsely-induced guilty plea, and unauthorized sentence claims. The district court did not address them because his § 2254 application was untimely. Reasonable jurists would not debate the district court's dismissal order.

## III. CONCLUSION

We deny a COA, deny the *in forma pauperis* motion, and dismiss this matter.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

5