**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 6, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ADELSO BARNES,

     Petitioner - Appellant,

v.

JANET DOWLING,

     Respondent - Appellee.

No. 19-5101
(D.C. No. 4:19-CV-00097-JED-FHM)
(N.D. Okla.)

_____

**ORDER DENYING A CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MATHESON**, **KELLY**, and **EID**, Circuit Judges.[**]
_____

Petitioner-Appellant Adelso Barnes, a state inmate appearing pro se, seeks a

certificate of appealability (COA) to appeal the dismissal of his habeas petition, 28

U.S.C. § 2254, as time-barred and not subject to statutory or equitable tolling. Barnes v.

Dowling, No. 19-CV-0097-JED-FHM (N.D. Okla. Nov. 4, 2019). In 2011, Mr. Barnes

pled guilty to second degree felony murder, first degree burglary, robbery with a

_____

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

dangerous weapon, and knowingly concealing or receiving stolen property. He was sentenced to prison terms of 35 years, 20 years, 35 years, and 5 years, respectively, with all terms to run concurrently.

To obtain a COA, Mr. Barnes must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a district court dismisses a § 2254 petition on procedural grounds, the petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." See Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, Mr. Barnes delayed filing his habeas petition nearly seven years after his state conviction became final and is not saved by statutory tolling. See Harris v. Dinwiddie, 642 F.3d 902, 907 n.6 (10th Cir. 2011). Further, even if Mr. Barnes's argument that he discovered new evidence in 2017 is credited his filing still falls outside of the one-year statutory tolling period available under § 2244(d)(1)(D). See Clark v. Oklahoma, 468 F.3d 711, 713 (10th Cir. 2006).

Additionally, Mr. Barnes has failed to "show specific facts to support his claim of extraordinary circumstances and due diligence" sufficient to trigger equitable tolling of the limitations period. Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (internal citations omitted). The district court thoroughly explained why equitable tolling would not apply. No reasonable jurist would find the district court's procedural ruling debatable, and it is therefore unnecessary to consider whether Mr.

2

Barnes made a substantial showing of the denial of a constitutional right under the Sixth Amendment.

We DENY a COA and DISMISS the appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge