**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ARTURO ANAYA,

     Petitioner - Appellant,

v.

FNU LNU, Warden; ATTORNEY
GENERAL OF THE STATE OF NEW
MEXICO,

     Respondents - Appellees.

No. 20-2162
(D.C. No. 1:20-CV-00328-WJ-GJF)
(D. N.M.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BRISCOE**, **KELLY**, and **McHUGH**, Circuit Judges.
_____

Petitioner-Appellant Arturo Anaya, a state inmate appearing pro se, seeks a

certificate of appealability (COA) to appeal the dismissal of his amended habeas

petition, 28 U.S.C. § 2254, as time-barred and not subject to equitable tolling.  Anaya

v. FNU LNU, No. 20-CV-328 WJ/GJF, 2020 WL 5748254 (D.N.M. Sept. 25, 2020).

Mr. Anaya also seeks leave to proceed *in forma pauperis* (IFP).  In 2013, a jury

convicted Anaya of two counts of first-degree murder, aggravated battery, and

intimidation of a witness.  He was sentenced to 66 years imprisonment and his

_____

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

conviction was affirmed on direct appeal. State v. Anaya, No. 34,279, 2015 WL 2092804 (N.M. May 4, 2015).

To obtain a COA, Mr. Anaya must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a district court dismisses a § 2254 petition on procedural grounds, the petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." See Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, Mr. Anaya delayed filing his habeas petition nearly three years after his state conviction became final and is not saved by statutory tolling. See Harris v. Dinwiddie, 642 F.3d 902, 906 n.6 (10th Cir. 2011). The limitation period for Mr. Anaya to file a federal habeas petition expired on October 20, 2016, Anaya, 2020 WL 5748254, at *2, and any state postconviction motions filed after that time did not affect the expired limitations period. See Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006). Mr. Anaya continues to challenge his convictions in state court and his fourth state habeas petition is pending. State v. Anaya, D-101-CR-2012-00119. Mr. Anaya does not provide a reason for failing to timely file a federal habeas petition and does not address the district court's reasoning regarding the time-bar.

Regarding his federal petition, Mr. Anaya has failed to "show specific facts to support his claim of extraordinary circumstances and due diligence" sufficient to trigger equitable tolling of the limitations period. Yang v. Archuleta, 525 F.3d 925,

2

928 (10th Cir. 2008) (internal citations omitted). The district court thoroughly explained why equitable tolling would not apply. No reasonable jurist would find the district court's procedural ruling debatable, and it is therefore unnecessary to consider whether Mr. Anaya made a substantial showing of the denial of a constitutional right.

We DENY a COA, DENY IFP, and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

3