FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**June 24, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

DARVIN W. GRAY,

    Petitioner - Appellant,

v.

CARRIE BRIDGES,

    Respondent - Appellee.

No. 25-7023
(D.C. No. 6:23-CV-00045-JFH-GLJ)
(E.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY[*]**
_____

Before **EID**, **CARSON**, and **ROSSMAN**, Circuit Judges.
_____

Darvin W. Gray is an Oklahoma prisoner proceeding pro se.  Mr. Gray filed a

motion in the district court that the court construed as an unauthorized second or

successive petition for habeas relief under 28 U.S.C. § 2254.  The district court

therefore dismissed the motion for lack of jurisdiction.  Mr. Gray requests a

certificate of appealability (COA) to challenge this ruling (COA Motion).[1]  We deny

a COA and dismiss this proceeding.

---

[*] This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Mr. Gray actually filed two COA motions, one postmarked April 4, 2025,
which this court received on April 14 (ECF No. 3); and another postmarked April 29,

## I.    BACKGROUND & PROCEDURAL HISTORY

In 2013, an Oklahoma jury convicted Mr. Gray of various charges relating to sexual assault of a minor.  He unsuccessfully sought relief through direct appeal, state postconviction proceedings, and a § 2254 petition filed in the United States District Court for the Eastern District of Oklahoma.

In February 2023, Mr. Gray filed a Federal Rule of Civil Procedure 60(b) motion in the Eastern District of Oklahoma.  Specifically, he invoked Rule 60(b)(4), which permits relief from judgment if "the judgment is void"; and Rule 60(b)(6), which permits relief from judgment based on "any other reason that justifies relief." He asked the district court to "VOID [his] illegal sentence" because Congress had never disestablished the Muscogee (Creek) Reservation, meaning Oklahoma did not have jurisdiction to try and convict him.  R. at 5.  He did not cite *McGirt v. Oklahoma*, 591 U.S. 894 (2020), but his arguments otherwise tracked the arguments that prevailed in that case.[2]  The district court denied the motion, explaining that a litigant cannot use Rule 60(b) to void a state-court judgment.

Mr. Gray appealed.  This court construed his Rule 60(b) motion as a second or successive § 2254 petition, and it further construed his appeal as a motion for

---

2025, which this court received on May 5 (ECF No. 7).  These documents are substantively identical.  In this order, "COA Motion" refers to ECF No. 3.

[2] Mr. Gray claimed he is a member of the Creek Nation.  He did not originally specify whether his alleged crime took place in Indian Country, but he has since asserted as much.

authorization to file that petition. *See Gray v. Bridges*, No. 23-7065, 2024 WL 2747573, at *1–2 (10th Cir. May 29, 2024). So construed, we denied authorization because we had already held that *McGirt*-based claims do not meet the standard for second or successive § 2254 petitions. *Id.* at *2.

A few months after our decision, Mr. Gray filed a new motion in the district court. He titled this motion, "Motion for challenging the integrity of habeas [corpus] § 2254 procedural ruling for second and successive, [using] F.R.C.P. 60B(4) and 60B(6)." R. at 44 (capitalization modified). He asserted that he "took great pain[s] not to file a second and successive § 2254" because what he really wanted was Rule 60(b) relief from judgment. *Id.* He went on to reiterate that the state court judgment was void because it never had jurisdiction over him. The district court construed this motion as another attempt at a successive § 2254 petition, over which it lacked jurisdiction because this court had not authorized it.

A little over a week later, Mr. Gray filed another motion with a nearly identical caption to the previous motion, and nearly identical arguments about why he deserves Rule 60(b) relief from the state-court judgment. The district court construed this as yet another attempt at a successive § 2254 petition, and the district court again found that it lacked jurisdiction.

Mr. Gray now appeals from the district court's most recent order.

## II.    LEGAL STANDARD

This appeal may not proceed unless this court grants a COA. *See* 28 U.S.C. § 2253(c)(1). To merit a COA, Gray must make "a substantial showing of the denial of a constitutional right." § 2253(c)(2). This means he "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). And he must make an extra showing in this circumstance because the district court resolved his motion on a procedural basis, namely, lack of jurisdiction. So he must also show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

## III.    ANALYSIS

Most of Mr. Gray's COA Motion repeats his arguments about the alleged invalidity of his state-court conviction. As far as we can discern, he makes only two arguments specifically against the district court's conclusion that his most recent district-court motion is an unauthorized successive habeas petition.

First, Mr. Gray argues the second-or-successive procedural restrictions in § 2244(b) are unconstitutional. He does not develop this argument, however, so we deem it waived. *See, e.g.*, *United States v. Jones*, 768 F.3d 1096, 1105 (10th Cir. 2014) ("[P]erfunctory or cursory reference to issues unaccompanied by some effort at developed argument are inadequate to warrant consideration . . . .").

Second, Mr. Gray argues the district court could not have correctly viewed his Rule 60(b) motion as a second or successive § 2254 petition because "the first § 2254 doesn't even exist under a void judgment." COA Motion at 5. How the district court viewed his Rule 60(b) motion is no longer at issue. That matter was put to rest in the appeal we resolved last year. But construing the COA Motion liberally in light of Mr. Gray's pro se status, *see, e.g.*, *Clark v. Oklahoma*, 468 F.3d 711, 713 n.1 (10th Cir. 2006), Mr. Gray may have meant to refer to his most recent motion, not to his earlier Rule 60(b) motion. Further construing the COA Motion liberally, Mr. Gray seems to be saying the district court should have treated his original § 2254 proceeding as if it never happened because that proceeding ruled on a state-court judgment that, in his view, never really existed.

Mr. Gray does not cite any authority for the idea that the alleged voidness of a state-court judgment likewise makes any § 2254 proceeding challenging that judgment into a nullity. We have not found any supporting authority either. Taken to its logical conclusion, Mr. Gray's approach would mean a prisoner could *never* bring a § 2254 challenge (first, second, or otherwise) to a void state-court judgment—even a challenge arguing that the state-court judgment was void for lack of jurisdiction. We therefore conclude there is no debatable issue that would permit us to grant a COA on this question.

5

## IV.    CONCLUSION

We deny a COA and dismiss this matter.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk