FILED
United States Court of Appeals
Tenth Circuit

August 19, 2025

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

SAMUEL PATRICK CAIN, JR.,

      Petitioner - Appellant,

v.

CARRIE BRIDGES,

      Respondent - Appellee.

No. 25-6070
(D.C. No. 5:23-CV-01150-PRW)
(W.D. Okla.)

_____

**ORDER**

_____

Before **BACHARACH**, **MORITZ**, and **ROSSMAN**, Circuit Judges.

_____

    This matter grew out of a commutation and disagreement over the terms. But we need not resolve that disagreement because the petitioner (Mr. Samuel Patrick Cain, Jr.) does not challenge one of the district court's independent rationales for denying relief.

    When his sentence was commuted, Mr. Cain was serving a term of 40 years, with the final 20 years suspended. Upon issuance of the commutation, Mr. Cain was released. But he then committed an act that violated his terms, leading the state district court to revoke the suspended sentence. But Mr. Cain argued that the commutation had wiped away the

entirety of his sentence, including the part that had been suspended. The state courts rejected Mr. Cain's claim. He then filed a federal habeas petition, but the district court denied relief.

He wants to appeal. To do so, however, he needs a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). We can grant a certificate only if Mr. Cain has shown that the district court's ruling was reasonably debatable. *Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006).

The district court gave two separate reasons for denying habeas relief:

1.    The claim involves state law, not federal law, and habeas relief isn't available for violations of state law.

2.    Mr. Cain failed to present his constitutional claim in state court, and it's too late to do so now. So his constitutional claim is subject to anticipatory procedural default.

R. at 434–41, 457–61 (report and recommendation of the magistrate judge and the district judge's order adopting the report and recommendation).

Mr. Cain requests a certificate of appealability, challenging the first ground. But he fails to address the second ground. So even if we were to credit Mr. Cain's appellate argument, we would need to affirm based on his failure to challenge the district court's reliance on an anticipatory procedural default. *See Lebahn v. Nat'l Farmers Union Unif. Pension Plan*, 828 F.3d 1180, 1188 (10th Cir. 2016) (stating that we must affirm when the appellants fail to challenge one of the district court's independent grounds

2

for dismissal). As a result, the district court's denial of relief is not reasonably debatable.

Certificate of appealability denied and matter dismissed.

Entered for the Court


Robert E. Bacharach
Circuit Judge